June 30, 2025

<u>*Via CM/ECF*</u>

The Honorable Jeannette A. Vargas
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re: <u>*Compass, Inc. v. Zillow, Inc. et al.*, Case No. 1:25-cv-05201-JAV (S.D.N.Y.)</u>

Dear Judge Vargas:

      Plaintiff Compass, Inc. ("Plaintiff") and Defendants Zillow, Inc., Zillow Group, Inc., and Trulia, LLC (collectively "Defendants") respectfully submit this joint letter in response to the questions raised by the Court's June 27, 2025 order (ECF No. 32) related to Compass's motion for preliminary injunction ("PI Motion") and letter motion for expedited discovery ("Discovery Motion"). Compass and Zillow met and conferred on June 28, 2025 regarding the Court's questions prior to filing this letter.

**I.**     **Whether Defendants will also be seeking expedited discovery in connection with the motion for preliminary injunction, and if so, the nature of such discovery and the length of time that would be required for such discovery.**

      ***Defendants' Position:*** As detailed in Defendants' concurrently filed letter brief, Defendants believe the Court can and should decide Plaintiffs' motion for preliminary injunction ("PI Motion") without early discovery. Should the Court consider granting Plaintiff's request, however, Defendants submit that the Court will be best positioned to decide whether discovery is necessary—and if so, the appropriate scope—after Defendants have responded to Plaintiff's PI Motion, as that briefing will directly inform whether discovery is necessary. As the Supreme Court has cautioned, "antitrust discovery can be expensive" and "it is only by taking care to require allegations that reach the level suggesting conspiracy that we can hope to avoid the potentially enormous expense of discovery." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007).

      If the Court allows any discovery by Plaintiff, then Defendants would request the ability to propound reciprocal discovery similar in number, burden, and scope to any discovery Plaintiff is permitted to serve. Defendants believe such discovery could be served promptly and completed in the same time frame allotted to Plaintiff.

**II.**     **Should the Court grant Plaintiff's request for expedited discovery, the length of time that would be required for such discovery.**

      ***Plaintiff's Position:*** As detailed in Plaintiff's proposed discovery and briefing schedule attached hereto as Exhibit A, Compass seeks six to eight weeks to complete the expedited

discovery it requested, which is limited in scope and focused on evidence that would help the Court assess the pending PI Motion. Compass proposes that PI Motion-related fact discovery will close in mid-August with abbreviated expert discovery and third-party discovery ending in early-September.

The Court should reject Defendant's request that the Court delay resolving Plaintiff's Discovery Motion until Defendants have responded to Plaintiff's PI Motion. This request would only create delay to the PI Motion schedule overall, causing Plaintiff to be further harmed. In the PI Motion phase, Plaintiff seeks only limited discovery—no great expense will be incurred by either company at this point. Further, as Defendants are well aware, it is at the Court's discretion as to whether discovery would be stayed pending dispositive motions.

Compass acknowledges that the proposed schedule is a tight timeframe for conducting discovery and has accordingly outlined a narrow scope in its requests to reflect what is reasonable within the proposed timeline. However, Compass believes such a timeline is essential because Compass will continue to suffer irreparable harm from Defendants' actions as alleged in the Complaint until an injunction is in place. Thus, Compass is prepared to begin discovery as soon as the Court orders it.

Defendants' surprise at the possibility of expert testimony in an antitrust case is dubious. Antitrust matters, as a matter of course, typically involve economic expert testimony. *See, e.g.*, *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 638 F. Supp. 3d 227 (E.D.N.Y. 2022). Without citation to case law or rule, Defendants contend that an expert report should have been appended to the Plaintiff's PI Motion. There is, in fact, no such requirement. Defendants argue that they are "unable to determine what experts (if any) they need to engage or how much time those experts would need." Defendants may, of course, engage whatever experts they wish to address the elements identified in the Plaintiff's PI Motion and Complaint. Indeed, Defendants' position here is identical to the position of all defendants in all antitrust cases. As for the need for depositions, Plaintiff has alleged a conspiracy between Defendants and at least two of its competitors, and Defendants' efforts to monopolize the home search market. The handful of depositions requested for the PI Motion will be focused on the elements of those claims.

**Defendants' Position:** Plaintiff's proposed discovery requests are overbroad and highly burdensome. Production in response to Plaintiff's currently drafted requests would likely require a minimum of several months, with additional time needed to respond to Plaintiff's data requests. However, if the Court authorizes the narrowed scope of discovery proposed as an alternative in Defendants' letter brief and limits the number of custodians, Defendants believe production could be substantially completed expeditiously, within a few weeks of the Court granting discovery.

Defendants note that Plaintiff's proposed schedule envisions expert discovery, even though Plaintiff did not submit expert testimony in connection with the PI Motion and did not address this in its Discovery Motion. Accordingly, it is not clear on what basis Plaintiff intends to include such discovery, nor has Plaintiff disclosed the expected areas of expert testimony or the nature of any expert opinions. Defendants are therefore unable to determine what experts (if

any) they need to engage or how much time those experts would need. Plaintiff's proposed schedule also contemplates fact witness depositions, but its Discovery Motion provides no justification for them, nor proposes any scope. Without the ability to identify these witnesses, Defendants are not in a position to assess their availability or estimate the time required. Because of Plaintiff's failure to seek leave or explain the need for any depositions and expert discovery, the Court should not allow them.

III. **Whether any party requests an evidentiary hearing in connection with the motion for a preliminary injunction, and if so, the timing and anticipated length of such a hearing.**

*Plaintiff's Position:* Compass requests that the Court hold a 5-day evidentiary hearing in connection with its PI Motion after briefing and discovery is completed. Compass will seek guidance from the court regarding the topics to be covered at that hearing, but given the significant irreparable harm that Compass has, and will continue to suffer, an evidentiary hearing on the PI Motion is warranted.

Plaintiff believes that Defendants' reply to this question unnecessarily exceeds the bounds of the question itself, and asks the Court to disregard the substantive arguments that follow.

*Defendants' Position:* Defendants respectfully request that the Court defer a decision on whether to hold an evidentiary hearing until after Defendants have filed their opposition to the PI Motion. At that point, the Parties could promptly file statements of their respective positions on the issue and identify the evidentiary issues the Court would need to resolve (if any).

The Court may deny Plaintiff's PI Motion on the papers for several reasons. First, any claim of irreparable harm is belied by Plaintiff's months of delay in seeking relief. Second, its purported harms are either compensable by money damages or too speculative to support a preliminary injunction. Third, Plaintiff is unlikely to succeed on the merits of its antitrust claims, including for the reasons briefly articulated below in response to Question VI. Finally, disrupting the status quo to reduce the transparency and efficiency of the housing market, and to protect a scheme that Plaintiff touts as raising the price of homes, serves neither the balance of the equities nor the public interest. *See* Dkt. 29 ¶ 19 (declaring that homes sold through Compass's 3-Phased scheme "sell for 2.9% higher").

IV. **If an evidentiary hearing is requested, proposed dates for such a hearing (confirming the availability of any testifying witnesses with respect to such dates).**

*Plaintiff's Position:* Compass proposes the following dates for the evidentiary hearing: September 29 – October 3 or October 13 – October 17, 2025. Compass has confirmed that its testifying witnesses are generally available on these dates, although certain witnesses may not be available on October 16, 2025. Compass's testifying witnesses are conflicted the week of October 6 – October 10, 2025.

*Defendants' Position:* If the Court determines that an evidentiary hearing is necessary, Defendants request that the hearing be held no earlier than September 15, 2025, when Defendants' potential fact witnesses should be available. At this time, Defendants take no position on the likely length of any hearing. Plaintiff's proposed schedule also appears to anticipate expert testimony, but Defendants cannot confirm rebuttal expert witness availability given that the PI Motion was filed only one business day ago and did not identify any experts or opinions.

V. **Whether the Court should consolidate a hearing on the preliminary injunction motion with a trial on the merits, pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure.**

*Joint Position:* Both parties oppose consolidation of any hearing on the PI Motion with a trial on the merits.

VI. **Whether Defendants intend to file a motion to dismiss or other dispositive motion, and if so, the anticipated bases of and a proposed briefing schedule for such a motion.**

*Joint Position:* Subject to the Court's approval, the parties agree to the following schedule: Defendants' Motion to Dismiss may be filed by the later of (i) August 22, 2025 (60 days after service by waiver pursuant to Rule 4(d)(3)) or (ii) 14 days after the Court rules on Plaintiff's PI Motion. Plaintiff's opposition may be filed 21 days after service of Defendants' Motion to Dismiss. Any reply may be filed within 14 days thereafter.

*Defendants' Further Position:* Defendants intend to move to dismiss the Complaint under Rule 12(b)(6). While Defendants are still analyzing the complaint, they currently anticipate at least the following bases: (1) Compass's failure to plead harm to competition and a cognizable antitrust injury that provides it with standing to sue (Counts 1-3); (2) Compass's failure to plead a proper geographic and product market or that Defendants possess market power (Counts 1-3); (3) Compass's failure to allege facts supporting any illegal agreement to boycott Compass between Zillow and any of its competitors (Count 1) or any brokerages (Count 2); and (4) Compass's argument that Zillow has a duty to deal with Compass on Compass's preferred terms fails as matter of law (Count 3).

VII. **If Defendants intend to move to dismiss, whether Plaintiffs would anticipate amending their complaint as of right, pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure.**

*Plaintiff's Position:* Compass reserves the right to amend its Complaint, but Compass will make that decision once it reviews Zillow's Motion to Dismiss.

VIII. **Proposed briefing schedule for the motion for preliminary injunction.**

*Joint Position:* Subject to the Court's approval, the parties agree that: (1) Defendants' opposition to the PI Motion may be filed by July 18, 2025 (21 days after service); and (2) if the

Court denies Compass's Discovery Motion and permits a reply brief on the PI Motion, Plaintiff's reply brief will be filed by August 1, 2025 (14 days after the opposition).

*Plaintiff's Further Position:* Compass does not oppose Zillow's request for 21 days to file its opposition to Compass's PI Motion. If the Court grants Compass's Discovery Motion and request for evidentiary hearing, Compass proposes a briefing and discovery schedule as outlined in the attached **Exhibit A**. In the alternative, if the Court denies Compass's Discovery Motion, then Compass respectfully requests that the Court provide Compass with 14 days to file a reply to Zillow's opposition.

*Defendants' Further Position:* Defendants do not oppose Plaintiff's request that, if a reply in support of the PI Motion is permitted, it may be filed 14 days after service of the opposition. Defendants respectfully submit that the Court should wait to determine whether any proceedings pertaining to fact and expert discovery are necessary until after Defendants file their opposition and the relevant issues have been crystalized.

Counsel for the Parties:

| | |
|---|---|
| */s/ Chahira Solh* | */s/ Beau Buffier* |
| Chahira Solh (admitted pro hac vice) | Beau Buffier (NY Bar No. 3932050) |
| Daniel A. Sasse (admitted pro hac vice) | WILSON SONSINI GOODRICH & ROSATI, P.C. |
| CROWELL & MORING LLP | |
| 3 Park Plaza, 20th Floor | 1301 Avenue of the Americas, 40th Floor |
| Irvine, CA 92614 | New York, NY 10019-6022 |
| Telephone: (949) 263-8400 | Telephone: (212) 974-5800 |
| csolh@crowell.com | bbuffier@wsgr.com |
| dsasse@crowell.com | |
| | Bonnie Lau (pro hac vice forthcoming) |
| Kenneth Dintzer (NY Bar No. 2476687) | WILSON SONSINI GOODRICH & ROSATI, P.C. |
| (admitted pro hac vice) | |
| CROWELL & MORING LLP | One Market Plaza |
| 1001 Pennsylvania Avenue, NW | Spear Tower, Suite 3300 |
| Washington, DC 20004 | San Francisco, CA 94105 |
| Telephone: (202) 624-2500 | Telephone: 415-947-2414 |
| kdintzer@crowell.com | blau@wsgr.com |
| Luke Taeschler (NY Bar No. 5308325) | Eric P. Tuttle (pro hac vice forthcoming) |
| CROWELL & MORING LLP | WILSON SONSINI GOODRICH & ROSATI, P.C. |
| Two Manhattan West | |
| 375 Ninth Avenue | 701 Fifth Avenue, Suite 5100 |
| New York, NY 10001 | Seattle, WA 98104 |
| Telephone: (212) 223-4000 | Telephone: (206) 883-2513 |
| ltaeschler@crowell.com | eric.tuttle@wsgr.com |
| *Attorneys for Plaintiff Compass, Inc* | *Attorneys for Defendants Zillow, Inc., Zillow Group, Inc., and Trulia, LLC* |