**WILSON SONSINI**

Wilson Sonsini Goodrich & Rosati
Professional Corporation

1301 Avenue of the Americas
40th Floor
New York, New York 10019-6022

O: 212.999.5800
F: 866.974.7329

BEAU W. BUFFIER
Email: bbuffier@wsgr.com
Direct dial: 202-973-8948

July 10, 2025

The Honorable Jeannette A. Vargas
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

   Re: *Compass, Inc. v. Zillow, Inc. et al., Case No. 1:25-cv-05201-JAV*

Dear Judge Vargas:

  Pursuant to Rule 5(N) of the Court's Individual Rules, the parties submit this letter in support of their jointly filed proposed protective order to govern discovery in the above-referenced case. In accordance with the Court's Individual Rules, the proposed protective order conforms as closely as possible to the Court's Model Protective Order. Given the antitrust claims and anticipated production of highly competitively sensitive documents, information, and data, the parties propose certain modest changes to the Model Protective Order to permit a producing party or non-party to designate certain discovery material as "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Outside Counsel's Eyes Only." These additional tiers of confidentiality designations are necessary to protect the production of highly confidential or proprietary business information, the disclosure of which would be highly likely to cause significant harm to the producing party or non-party. Exhibit A contains a redline showing the differences between the parties' proposal and the Court's Model Protective Order.

  The parties respectfully submit that these alterations to the Court's Model Protective Order are warranted by the nature of this action and the scope of likely discovery. Discovery in this case is likely to include internal communications, documents, and data regarding the parties' current and future business plans, competitive strategy, and customer information. Indeed, the limited discovery requests already propounded in connection with Plaintiff's motion for preliminary injunction seek such highly competitively sensitive information. Additional protections limiting disclosure of Attorneys' Eyes Only discovery material to the receiving party's attorneys, and Outside Counsel's Eyes Only discovery material to the parties' outside counsel and designated house counsel are necessary to protect the parties from competitive harm. *See Gerffert Co. v. Dean*, 2012 WL 2054243, *5 (E.D.N.Y. June 6, 2012) ("[T]the purpose of 'Attorneys' Eyes Only' designations is generally to protect one party from injury—usually injury to the party's business—that might occur if the information is revealed to the party's competitor"); *In re The City of New York*, 607 F.3d 923, 935 (2d Cir. 2010) ("The disclosure of confidential information on an 'attorneys' eyes only' basis is a routine feature of civil litigation").

WILSON SONSINI

The Honorable Jeannette A. Vargas
July 10, 2025
Page 2

      For these reasons, the parties respectfully request that the Court enter the Proposed Protective Order.

                                            Respectfully submitted,

                                            */s/ Beau W. Buffier*

                                            Beau W. Buffier

                                            *Counsel for Defendants Zillow, Inc., Zillow Group, Inc., and Trulia, LLC*

cc:      All counsel of record (via ECF)