UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMPASS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> ZILLOW, INC., ZILLOW GROUP, INC., and TRULIA, LLC, <br><br> *Defendants*. | Case No. 1:25-cv-05201-JAV |

**DECLARATION OF JEREMY WACKSMAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

I, Jeremy Wacksman, hereby declare as follows:

1. I am the Chief Executive Officer at Zillow Group, Inc.

2. I submit this Declaration in support of Defendants Zillow, Inc., Zillow Group, Inc., and Trulia, LLC's Opposition to Plaintiff's Motion for a Preliminary Injunction. The matters in this Declaration are based on my own personal knowledge. If called as a witness, I could and would testify competently to them.

3. Since joining Zillow in 2009, I have held various roles at the company, including product leader, Chief Marketing Officer, and Chief Operating Officer, before becoming CEO in 2024.

4. Zillow's business focuses on delivering transparency to consumers and making real estate transactions easier for consumers. To realize this mission, Zillow aggregates accurate, up-to-date information about for-sale listings in local regions all over the country. When a consumer visits one of Zillow's sites, Zillow displays the available listings in the consumer's local area (or in other areas if the consumer selects a different one). Our platform allows

consumers to easily search and browse homes for sale, and it displays other insights about the property to empower consumers to find their dream home.

5.   The senior leadership team at Zillow made the decision that Zillow should announce and implement the Listing Access Standards to encourage broad access to for-sale listings and combat the damaging effects from private listings on consumers, Zillow, and competition. This was a unilateral decision by Zillow.

6.   At the time of the decision, I was not aware of whether any other company had decided to implement a policy declining to display the delayed public listings of other brokerages. Zillow had not made any agreement with any other company to jointly implement a policy like the Listing Access Standards.

7.   On the day prior to announcing the Listing Access Standards publicly, Zillow reached out to select customers, partners, and the press to inform them that Zillow would announce the Listing Access Standards the next day. We have similarly advised industry participants ahead of other past announcements.

8.   As part of this outreach, I had a call with the CEO of Redfin, Glenn Kelman, on April 9, 2025. Zillow has significant business relationships with Redfin, including a recent partnership related to multifamily rentals. On the call, I informed Mr. Kelman that Zillow had made the decision to adopt and implement its Listings Access Standards and would announce this decision the next day.

9.   Mr. Kelman indicated that he was supportive of Zillow's policy, and that Redfin would likely consider something similar. I was not surprised by Mr. Kelman's support, or that he would consider a similar policy because he had made public statements in the past about the harms of private listings and the need for transparency in for-sale home listings. But this was the

first I had heard that Redfin was considering a similar policy. We did not discuss any details about what Redfin would consider displaying on Redfin's site.

10. During the call, Mr. Kelman and I did not discuss any effort to entice Compass (financially or otherwise) to change its private listings-focused approach. And Mr. Kelman and I did not discuss or enter into any agreement on that call. I have never made any agreement with anyone from Redfin concerning Compass or implementing a policy like Zillow's Listings Access Standards. At no point did Mr. Kelman (or anyone else at Redfin) and I discuss boycotting Compass or any other company.

11. On April 14, 2025, Redfin announced that Redfin.com will not publish any listings that were publicly marketed before being shared with all real estate websites via the MLS. I had no prior knowledge of the details of this policy and I did not coordinate with Redfin in any way as to its announcement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 15 day of July 2025.

Jeremy Wacksman