# **<u>EXHIBIT B</u>**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:

*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

# DEFINITIONS

The definitions, rules of construction, instructions, words and phrases used in this request shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), and in particular Fed. R. Civ. P. 26 and Local Rule 26.3. The definitions and provisions of the stipulated ESI Order and Protective Order in this matter are also hereby incorporated and apply to these requests. The definitions referenced herein apply without regard to capitalization. In addition, the following terms shall have the meanings set forth below.

1. "Electronically Stored Information" or "ESI" broadly includes all information created, received, maintained, or stored in digital form. This includes, but is not limited to, data and documents found on computers, servers, cloud-based storage, mobile devices (including smartphones, tablets, and smartwatches), and any other electronic media. Examples include emails, text messages, instant messages, social media content, voicemails, documents (word processing files, spreadsheets, presentations, PDFs), databases, images, audio and video files, website activity, and logs. ESI also includes metadata associated with this information.

2. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A) and Local Rule 26.3 of the United States District Court for the Southern District of New York.

3. "You" or "Your" or "Redfin" refers to the responding third party Redfin Corporation and any of its current or former affiliates, subsidiaries, parents, professional corporations or other entities, predecessors and successors in interest, partners, stockholders, officers, directors,

1

employees, agents, accountants, consultants, attorneys and any other persons or entities purporting to act on its behalf or under its control.

4. "Communication" means the verbal or nonverbal transmittal of information (in the form of facts, ideas, inquiries or otherwise), including emails, text messages, instant messages, voicemails, memoranda, letters, notes, presentations, or social media posts.

5. "Date" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events. You shall designate whether the date You provide is exact or approximate.

6. The connectives "and" and "or" and "between" and "among" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request all information that otherwise might be construed to be outside of its scope.

7. "Concerning" shall mean analyzing, comprising, consisting of, constituting, containing, contradicting, corroborating, describing, discussing, documenting, embodying, evidencing, identifying, including, mentioning, pertaining to, referring to, reflecting, relating to, reporting, showing, supporting, or stating the particular subject matter identified, and includes any document, communication, or other exchange that constitutes, contains, embodies, comprises, reflects, identifies, states, deals with, comments on, responds to, describes, analyzes, or is in any way pertinent to the subject.

8. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

9. The word "including" means including without limitation.

10. "Zillow Ban" means Zillow's Listing Access Standards, announced on or about April 10, 2025, effective May 28, 2025, and enforced beginning June 30, 2025.

11. "3-Phased Marketing Strategy" means Compass's marketing approach, including Private Exclusive, Coming Soon, and Active on MLS phases, as described in the Complaint in this Litigation.

12. "MLS" means Multiple Listing Service.

13. This "Litigation" means the above captioned case, *Compass, Inc. v. Zillow, Inc. et. al.*, No. 1:25-cv-05201 (S.D.N.Y.).

14. "Zillow" means Zillow, Inc., Zillow Group, Inc., and Trulia, LLC, and their agents, employees, shareholders, officers, former employees, former officers, directors, subsidiaries, parent corporations, attorneys, or other persons or entities acting on their behalf.

15. "Rental Partnership" means the partnership between Zillow and Redfin regarding multifamily rental listings publicly announced on February 11, 2025.

16. The use of the singular form of any word or phrase shall include the plural form, and vice versa.

17. The use of the past or present tense in a request includes both past and present tenses.

## **INSTRUCTIONS**

1. Documents that must be produced in response to these requests include all responsive Documents prepared, sent, dated, received, used, or in effect as of the time of this request. Any responsive documents created or discovered after the date of these requests are subject to Your continuing obligation to supplement Your production(s) under Rule 26(e) of the Federal Rules of Civil Procedure.

2. All documents and things produced in accordance with this subpoena shall be produced in compliance with the ESI and Protective Order governing this Litigation.

3. You are required to produce all requested documents and things that are in Your actual or constructive possession, custody or control, without regard to the physical location of the documents and without regard to whether the documents were prepared by or for Redfin Corporation. Documents and/or things are deemed to be within Your possession, custody, or control if:

a) It is within Your actual knowledge or possession;

b) It is in Your physical control or ownership;

c) It is within the knowledge, custody, or control of any other person or entity and You could obtain the information upon conducting a reasonable inquiry; or

d) It is in the physical control of any other person, and You:

   i. own the document in whole or in part;

   ii. ii. have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document on any terms; or

   iii. have, as a practical matter, been able to use, examine, or copy such document when You sought to do so.

If any responsive Document was, but is no longer, in Your possession, custody, or control, please state whether it is: (a) missing or lost; (b) destroyed; (c) transferred voluntarily or involuntarily to others; or (d) otherwise disposed of. For each instance, please state the date or approximate date of such disposition and explain the circumstances surrounding such disposition.

4. Each request for production is to be answered fully, unless it is in good faith objected to, and, in such event, the reasons for all of Your objections shall be stated in detail. If an objection pertains to only a portion of a request for production, or to a word, phrase, or clause contained within such request, You shall state Your objection to that portion only, and respond

4

to the remainder of the request, using Your best efforts to do so. No part of any request for production may be left unanswered merely because an objection is interposed to another part of the request.

5. If You claim any ambiguity in interpreting either a request or a definition or instruction, You should not use that claim as a basis for refusing to respond but shall set forth as part of Your response the language deemed to be ambiguous.

6. You must produce responsive documents as they have been kept in the usual course of business or shall organize or label them to correspond to the enumerated requests herein pursuant to Federal Rule of Civil Procedure 45(d)(l)(A). If, after exercising due diligence to secure the information requested, You are presently unable to respond to any of these requests in full, so state, and specify the portion of each request that cannot be responded to fully and completely. State what efforts were made to obtain the requested information and the facts relied upon that support the contentions that the request cannot be answered fully and completely. State further what knowledge, information, or belief You have concerning the portion of such requests that have no response.

7. If You withhold any document, or any portion of any document, under any claim of privilege, immunity, or protection, You shall provide a written privilege log that sets forth the information required by Federal Rule of Civil Procedure 26(b)(5) and Local Rule 26.2.

## DOCUMENTS REQUESTED

1. All communications between You and Zillow from January 1, 2024 through July 20, 2025, including but not limited to any potential business relationship, the Rental Partnership, Zillow's Listing Access Standards, the topics addressed in Redfin's April 14, 2025 article titled "Buyers Should See All the Listings, Sellers Should Control How Their Listing Appears

Online," Compass (including Compass's Three-Phased Marketing Strategy or Compass's public marketing strategies), or any off-MLS or pre-MLS marketing strategies.

2. Documents from January 1, 2024 through July 20, 2025 sufficient to show the market and competition for online home search services, including market share or competitive landscape studies.