August 14, 2025

*Via CM/ECF*

The Honorable Jeannette A. Vargas
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re: ***Compass, Inc. v. Zillow, Inc. et al.*, Case No. 1:25-cv-05201-JAV (S.D.N.Y.)**

Dear Judge Vargas:

      Plaintiff Compass, Inc. ("Plaintiff") and Defendants Zillow, Inc., Zillow Group, Inc., and Trulia, LLC (collectively, "Defendants") respectfully submit this joint letter in advance of the status conference on August 15, 2025. Although the parties have been able to resolve most of the remaining disputes relating to discovery, there are a few pending issues regarding depositions for which the parties would appreciate the Court's guidance.

      The parties exchanged their preliminary first-party witness lists on August 8, 2025. Plaintiff listed the following individuals: Robert Reffkin (Chief Executive Officer), E. Ashton Alexander (Senior VP of Operations and Strategy), Soham Bhonsle (Head of Investor Relations), and Neda Navab (President). Defendants listed the following individuals: Errol Samuelson (Chief Industry Development Officer), Jeremy Hofmann (Chief Financial Officer), and Jeremy Wacksman (Chief Executive Officer).

    A. **Number of Depositions**

    **Plaintiff's Proposal**

      Plaintiff respectfully requests that the Court limit each side to five total depositions for party witnesses. This number is consistent with what the Court has previously indicated as the "appropriate number for each side." Hr'g Tr. 20:12-14 (July 21, 2025). Presently, Plaintiff intends to depose the three witnesses included on Zillow's preliminary witness list as well as Lloyd Frink (President), for a total of 4 depositions. Plaintiff is evaluating if it will seek an additional deposition from Zillow based on Zillow's productions which, according to the Court's schedule, will be substantially completed by this Friday.

      Defendants argue they are entitled to depose the witnesses listed on Compass's preliminary witness list as well as one of Will Hardy (Chief of Staff to Chief Executive Officer)[1] or Rory Golod (Co-President, West & Growth, Communications, and Events), for a total of 5 depositions, while attempting to limit Compass to only 4 depositions. That position is unfair and

---

[1] Mr. Hardy submitted a declaration in support of Plaintiff's motion for preliminary injunction.

The Honorable Jeannette A. Vargas
August 14, 2025
Page 2

disproportionate. The Federal Rules of Civil Procedure seek to ensure that the structure of discovery does not give any party an advantage. Here, these principles, and simple fairness, advise that both parties be permitted to pursue the same number of depositions. Allowing each party five witnesses ensures that both parties have the opportunity to depose any witness that will testify at the hearing. Defendants assert that because the information it needs to present at the hearing resides in three, rather than four, first-party witnesses, that Defendants are entitled to a litigation advantage. The Federal Rules—neither in word nor in spirit—do not support Defendants' position. The fact that most of the burden of proof at the hearing will fall on the Plaintiff's shoulders further undermines Defendants' efforts for asymmetric discovery. Accordingly, the Court should provide five first-party depositions to each side, absent a showing of good cause.

**Defendants' Proposal**

Each party should be permitted to depose the witnesses the other party intends to call at the PI hearing and one additional witness for discovery purposes. Compass's proposal that it be allowed two depositions for discovery while Zillow is limited to one discovery deposition is unfair and prejudicial to Zillow.

*Hearing Witnesses:* As set forth above, Compass disclosed four witnesses for the evidentiary hearing (Robert Reffkin, E. Ashton Alexander, Soham Bhonsle, and Neda Navab). The Court has already determined that "any witness that is potentially going to testify at the PI hearing is fair game for deposition on both sides." 7/30/25 Hrn'g Tr. 13:2-4. There is no dispute that Zillow may depose Mr. Reffkin, Ms. Alexander, Mr. Bhonsle, and Ms. Navab.

*Additional Deposition:* Zillow's request to depose up to one additional witness is also appropriate, and is not really disputed. As the Court acknowledged, Zillow must "be prepared to defend itself at a PI [hearing]." 7/30/25 Hrn'g Tr. 8:15-16. Indeed, the Court noted that "if there are a few additional witnesses that either side wants to depose because they think that they have relevant information that might be helpful to their case, even if that is not a witness on a witness list, the court would be open to hearing that." *Id.* at 13:12-16. Zillow should not be limited to deposing only the witnesses that Compass has hand-selected to put forward at the PI hearing. Although Zillow is still reviewing the documents produced by Compass and has not yet received Compass's last production, Zillow has thus far identified two potential deponents: (1) Will Hardy, Chief of Staff to CEO, who is an expedited discovery custodian and submitted a declaration in connection with Compass's PI Motion, *see* ECF No. 29, but whom Compass did not disclose as a potential hearing witness; and (2) Rory Golod, President of Growth, who is an expedited discovery custodian and has made public statements directly relevant to Compass's claims and assertions of irreparable harm.[2]

*The Dispute*: The only real dispute is whether Compass should get to depose more undisclosed witnesses than Zillow. Zillow's proposal allows Compass to also depose all of the witnesses who Zillow may call at the evidentiary hearing (Jeremy Wacksman, Jeremy Hofmann,

---

[2] Zillow commits to selecting the final deponent no later than August 20.

The Honorable Jeannette A. Vargas
August 14, 2025
Page 3

and Errol Samuelson) and one additional witness for discovery purposes. Linking the number of depositions and hearing witnesses is fair because Zillow should not be penalized by Compass's decision to disclose four hearing witnesses, nor should Compass benefit from Zillow's decision to disclose fewer witnesses than Compass. That Compass may only need to depose four Zillow employees is not a sign of unfairness, but rather, of Zillow's efficiency in selecting declarants and witnesses for the hearing.

### B. Deposition Time Limits

**Plaintiff's Proposal**

Plaintiff proposes that each side be permitted up to seven hours per witness, the amount of time allotted under the Federal Rules of Civil Procedure. Some depositions may need less, and the parties should endeavor to share their time estimates for each deposition closer in time to that deposition. It is premature to implement an hours cap on depositions without the benefit of an assessment of the documents. Given the importance of the issues to be resolved at the evidentiary hearing, the Court should reject Defendant's efforts to truncate the depositions.  Further, Defendants' proposal ignores the fact that discovery already *has* been limited—by agreeing to limit the number of depositions to just a few key individuals.  Defendants provide no justification as to why a *further* limiting of the amount of time each individual can be deposed is necessary.

**Defendants' Proposal**

Because the Court has authorized only narrow expedited discovery focused on the issues relevant to the PI Motion, the default time limit of seven hours for merits depositions under Federal Rule of Civil Procedure 30(b)(1) should not apply to these depositions. Instead, Zillow proposes that each fact witness deposed during expedited discovery be presumptively limited to four hours. Zillow proposes one exception for each side—that each party may notice one deposition for up to seven hours.

Compass's proposal to allow 7-hour depositions of all witnesses—the same as it would be entitled to in merits fact discovery—is not consistent with the limited and targeted nature of expedited discovery.

### C. Deposition of Lloyd Frink

**Defendants' Position**

Compass is already slated to depose Zillow's Chief Executive Officer (Jeremy Wacksman), Chief Financial Officer (Jeremy Hofmann), and Chief Industry Development Officer ("CIDO") (Errol Samuelson) during expedited discovery. There is no reason to allow a fourth apex deposition of Lloyd Frink, Zillow's Co-founder, Co-Executive Chairman and President, because Compass has failed to show that Mr. Frink has unique knowledge that cannot be obtained from the other deponents.

3

The Honorable Jeannette A. Vargas
August 14, 2025
Page 4

Mr. Frink is a quintessential apex witness. Compass has not shown that Mr. Frink has unique personal knowledge of material issues that cannot be obtained during the upcoming depositions of other senior Zillow executives. The apex doctrine "supplies 'an additional layer of protection for senior corporate executives subject to depositions.'" *Harapeti v. CBS TV Stations Inc.*, 2021 WL 3932424, at *2 (S.D.N.Y. Sept. 2, 2021) (quoting *Iowa Pub. Emps.' Ret. Sys. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 2020 WL 6273396, at *1 (S.D.N.Y. Aug. 28, 2020)). "Absent a showing that the executive 'has unique evidence, personal knowledge of the claims at issue,' and 'other witnesses incapable of providing testimony about the conduct alleged,' the executive is safeguarded from being deposed." *Morrison v. Scotia Cap. (USA) Inc.*, 2024 WL 3316086, at *2 (S.D.N.Y. June 7, 2024) (Parker, Mag. J) (citation omitted) (quashing deposition where apex witness lacked unique knowledge). The Court should not permit Compass to depose Mr. Frink because he lacks unique personal knowledge and because Compass will have ample opportunity to learn about all of the material issues relevant to the PI Motion during the upcoming depositions of Zillow's CEO, CFO, and CIDO.

That Zillow did not object to Mr. Frink as a custodian for purposes of expedited discovery does not mean that he should be deposed. The parties never discussed let alone agreed that all custodians could be deposed, and the apex doctrine is focused on the unique burden that *depositions* place on high-ranking directors and officers, which generally does not apply to document production. *See, e.g.*, *In Re Mosaic LLM Litig.*, 2025 WL 1768001, at *1 (N.D. Cal. June 26, 2025) ("[T]he apex doctrine is generally inapplicable in the context of document custodians."). Indeed, document production can reveal whether or not there are unique reasons to depose an apex witness.

The document production here confirms that a deposition of Mr. Frink is not justified. Zillow collected Mr. Frink's documents and communications over the agreed three-month period for expedited custodial discovery and produced responsive material. These documents do not show any relevant information as to which Mr. Frink has unique knowledge. Mr. Frink had no responsive communications with Redfin or eXp. Indeed, Mr. Frink is a custodian of only 110 documents out of the approximately 3,900 documents produced by Zillow to-date, and Messrs. Wacksman, Hofmann, and/or Samuelson are also custodians on *all but six* of those documents.[3] Tellingly, Compass has not identified anything in those documents that could not be addressed in the depositions of the other senior executives, or any other relevant issue as to which Mr. Frink has unique personal knowledge.

Even if Mr. Frink has *some* knowledge of issues relevant to this case, Compass will have ample opportunity to prepare for any PI hearing by deposing Zillow's CEO, CFO, and CIDO. For example, Compass points to Mr. Frink's attendance at an April 1, 2025 meeting with Compass executives, but that meeting was also attended by *all three* of Messrs. Wacksman, Hofmann, and Samuelson, as well as at least two Compass witnesses. *See* ECF No. 25 ¶10

---

[3] While Zillow intends to produce additional documents by tomorrow's deadline for substantial completion, approximately 15 of those are expected to be documents for which Mr. Frink is the sole custodian and many of them are near-duplicates of documents for which Messrs. Wacksman, Hofmann, and/or Samuelson are also custodians.

The Honorable Jeannette A. Vargas
August 14, 2025
Page 5

(listing alleged attendees). Likewise, Zillow did not submit a declaration from Mr. Frink in connection with its opposition to the PI Motion, and Compass has not articulated any particularized need to depose Mr. Frink in order to prepare for the hearing.

Because Compass has not shown that Mr. Frink possesses unique personal knowledge of any material issues relevant to the PI Motion, the Court should deny this apex deposition. *See, e.g.*, *Mark Anthony Int'l SRL v. Prime Hydration, LLC*, 2025 WL 2055998, at *2 (S.D.N.Y. July 23, 2025) (granting protective order where witness lacked unique personal knowledge); *Morrison*, 2024 WL 3316086, at *2 (quashing deposition where apex witness lacked unique knowledge); *All. Indus., Inc. v. Longyear Holding, Inc.*, 2010 WL 4323071, at *5 (W.D.N.Y. Mar. 19, 2010) (Scott, Mag. J.) (granting protective order where apex witness lacked unique knowledge).

**Plaintiffs' Position**

Defendants' assertion that Mr. Frink is an apex witness and therefore should not sit for a deposition is meritless. Courts in this district may excuse executives from "giving testimony only in compelling circumstances." *Scott v. Chipotle Mexican Grill, Inc.*, 306 F.R.D. 120, 122 (S.D.N.Y. 2015) (citation omitted) (permitting deposition of CEO given knowledge and experience of company that was unique to that individual). However, those circumstances are not present here.

Defendants did not object to Mr. Frink's inclusion as a custodian. Defendants have therefore already conceded that Mr. Frink possesses knowledge that is highly relevant for Plaintiff's case. In fact, in Plaintiff's complaint, Plaintiff identifies Mr. Frink as having attended a key meeting with Compass's CEO just days before Zillow announced the Zillow Ban. *See* Dkt. No. 15, ¶¶ 96-97 ("[T]he meeting ended with Mr. Frink saying that 'Compass would have to choose' whether it wanted to be 'a partner of Zillow or not be a partner of Zillow.'"). Plaintiff's allegations center on conduct and decisions made at the highest ranks of Defendants' organization. *See Chevron Corp. v. Donziger*, No. 11 CIV. 0691 LAK JCF, 2013 WL 1896932, at *1 (S.D.N.Y. May 7, 2013) (denying motion to quash deposition of CEO, in part, because it was "far from a trivial case" and "[e]nough was at stake to justify the deposition of an apex witness"). As a co-founder and President, Mr. Frink was the key facilitator for these discussions with Compass and regarding the Zillow Ban.

Mr. Frink's knowledge and information is not redundant from other witnesses. Although Zillow has yet to complete its production, the already-produced documents demonstrate that Mr. Frink was actively monitoring Compass's strategy, the parties' relationship, and the issues implicated by this litigation. And based on the interactions that Compass's CEO has had with Mr. Frink, it appears that Mr. Frink is an important decision maker at Zillow who made or significantly contributed to decisions that are squarely within the scope of the topics to be addressed at the upcoming preliminary injunction hearing. Plaintiff respectfully requests that the Court deny Defendants' request to bar Compass from deposing Mr. Frink.

The Honorable Jeannette A. Vargas
August 14, 2025
Page 6

Counsel for the Parties:

| | |
|---|---|
| */s/ Chahira Solh* | */s/ Bonnie Lau* |
| Chahira Solh (admitted pro hac vice) | Bonnie Lau (admitted pro hac vice) |
| Daniel A. Sasse (admitted pro hac vice) | WILSON SONSINI GOODRICH & |
| CROWELL & MORING LLP | ROSATI, P.C. |
| 3 Park Plaza, 20th Floor | One Market Plaza |
| Irvine, CA 92614 | Spear Tower, Suite 3300 |
| Telephone: (949) 263-8400 | San Francisco, CA 94105 |
| csolh@crowell.com | Telephone: 415-947-2414 |
| dsasse@crowell.com | blau@wsgr.com |
| | |
| Kenneth Dintzer (NY Bar No. 2476687) | Beau Buffier (NY Bar No. 3932050) |
| (admitted pro hac vice) | WILSON SONSINI GOODRICH & |
| CROWELL & MORING LLP | ROSATI, P.C. |
| 1001 Pennsylvania Avenue, NW | 1301 Avenue of the Americas, 40th Floor |
| Washington, DC 20004 | New York, NY 10019-6022 |
| Telephone: (202) 624-2500 | Telephone: (212) 974-5800 |
| kdintzer@crowell.com | bbuffier@wsgr.com |
| | |
| Luke Taeschler (NY Bar No. 5308325) | Eric P. Tuttle (admitted pro hac vice) |
| CROWELL & MORING LLP | Nicholas R. Sidney (admitted pro hac vice) |
| Two Manhattan West | WILSON SONSINI GOODRICH & |
| 375 Ninth Avenue | ROSATI, P.C. |
| New York, NY 10001 | 701 Fifth Avenue, Suite 5100 |
| Telephone: (212) 223-4000 | Seattle, WA 98104 |
| ltaeschler@crowell.com | Telephone: (206) 883-2513 |
| | eric.tuttle@wsgr.com |
| *Attorneys for Plaintiff Compass, Inc* | nsidney@wsgr.com |
| | |
| | *Attorneys for Defendants Zillow, Inc., Zillow Group, Inc., and Trulia, LLC* |