UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMPASS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ZILLOW, INC., ZILLOW GROUP, INC., and TRULIA, LLC,<br><br>    Defendants. | Case No. 1:25-cv-05201-JAV<br><br>Hon. Jeannette A. Vargas<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING THE NON-DISCLOSURE OF CERTAIN INFORMATION REGARDING EXPERT WITNESSES** |

The Parties, through their respective counsel of record, hereby stipulate to the following regarding expert discovery in this matter.

1. Neither the terms of this stipulation nor the parties' agreement to these terms implies that any of the information restricted from discovery in this stipulation would otherwise be discoverable.

2. For each testifying expert designated in this matter, during the expedited and merits discovery stages (unless otherwise stated), the party or parties proffering that expert must produce to opposing counsel:

    a. the testifying expert's final reports prepared in accordance with Fed. R. Civ. P. 26(a)(2)(B);

    b. a list of all materials and information relied on by the testifying expert in generating the statements, analysis, calculations, opinions, conclusions, and assertions contained in each report;

    c. at the merits discovery stage, a list of all data used in forming any part of the

1

          analysis reflected in the report, relied upon by the testifying expert, or necessary to replicate or reproduce that expert's disclosed tables, figures, calculations, analyses, or reported results, including raw and final data sets generated by that expert; and

    d.    copies of all materials identified pursuant to subparagraphs (b) and (c) above, including (i) electronic data sets in both the same manipulable form or format in which they were used for the testifying expert's calculations or analyses and in final form, and including any data sets necessary to replicate or reproduce that expert's tables, figures, calculations, analyses, and reported results), and (ii) any materials relied upon by that expert that are publicly and readily obtainable. The parties need not reproduce copies of any documents that were previously produced in discovery in this action, but shall provide precise citations to the Bates labels.

3.    No subpoenas (for depositions or documents) need be served on any testifying expert from whom a report is provided in this case. Instead, the party retaining such testifying expert will make him or her available for deposition(s), at a time mutually agreed to by the parties in accordance with the governing schedule in this case.

4.    The parties will make all disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B), as modified or limited by this Order. The term "considered" as used in Federal Rule of Civil Procedure 26(a)(2)(B)(ii) and 26(b)(4)(C)(ii) shall be interpreted as "relied upon" for purposes of this action.

5.    The following categories of data, information, or documents need not be disclosed by any party, need not be listed on any privilege or other log, and are outside the scope of

permissible discovery (including deposition questions):

    a.    any notes or other writings taken or prepared by or for a testifying expert witness in connection with this matter (aside from the written, completed expert report(s)), including (i) correspondence or memoranda to or from, and notes of conversations with, the testifying expert's assistants and/or clerical support staff, one or more other expert witnesses or non-testifying expert consultants, or one or more attorneys for the party or parties offering the testimony of such testifying expert witness, and/or (ii) copies of materials produced by any party in this litigation bearing the notes, markings, or comments of the testifying expert, that expert's assistants and/or clerical support staff, one or more other testifying expert witnesses or non-testifying expert consultants, or one or more attorneys for the party or parties offering the testimony of such testifying expert witness, unless the testifying expert witness is relying upon those notes or other writings in connection with that expert witness's opinions in this matter;

    b.    draft reports, draft studies, draft work papers, or other draft materials prepared by, for, or at the direction of a testifying expert witness;

    c.    any oral or written communication between a testifying expert witness and that expert's assistants and/or clerical or support staff; other expert witnesses or consultants; or attorneys for the party or parties offering the testimony of such testifying expert witness, except to the extent (i) the testifying expert witness is relying upon the communication in connection with that expert's opinions in this matter or (ii) the communications relate to compensation for

     the testifying expert's study or testimony; and

  d. data formulations, data runs, data analyses, or any database-related operations – including the existence or non-existence of these runs, analyses, and operations – not relied upon by the testifying expert in forming any opinions in his or her final report.

6. Notwithstanding the foregoing, the scope of the exemption from discovery does not encompass (i) facts or data that the party's attorney provided and that the testifying expert relied upon in forming the opinions to be expressed; or (ii) assumptions that the party or its attorney provided and that the testifying expert relied upon in forming the opinions to be expressed. "Facts or data" for this purpose is to be interpreted broadly to encompass any material of a factual nature, but not to include theories or mental impressions of counsel or communications about the relevance of the facts or data.

7. Provided that all processed electronic data sets will be based on data sets that were produced in fact discovery, the data and materials produced previously in this action need not be reproduced, but if not re-produced, must be identified by Bates number. The parties' disclosures of data and materials shall include:

  a. with respect to deposition transcripts, including draft transcripts, identification by the name of the deponent, and the date(s) of the deposition(s);

  b. the input, programs, and output underlying all calculations and analyses relied upon in forming the testifying expert witness's opinions and/or needed to replicate or reproduce that expert's tables, figures, calculations, analyses, and reported results, including raw and final data sets generated by that expert or

     at that expert's direction;

 c. tables, figures, calculations, analyses, and reported results, including raw and final data sets generated by the testifying expert or at that expert's direction;

 d. any computerized models, analyses, or spreadsheets in native format;

 e. electronic copies of any data used in computerized models, analyses, or spreadsheets;

 f. any programs that are not commonly available and are necessary for recreating any computerized models, analyses, or spreadsheets.

8. The information required by Paragraph 2(d) and 7 shall be produced within three (3) business days and shall be produced electronically via FTP site where reasonably feasible. Data, statistical analyses, or other information (including any calculation or exhibit) upon which a testifying expert relies for any of his or her opinion(s) in this matter shall be provided in machine readable format, including any data that has been cleaned, reformatted, modified, or supplemented in any way from the form in which it may have been provided to that expert.

9. This stipulation is not intended to limit the ability of any party to prepare and use demonstratives, including demonstratives that may relate to a testifying expert's testimony during the course of any hearing or trial. The admissibility of any such demonstrative shall be subject to the Federal Rules of Evidence, the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and this Court's Individual Rules and Practices in Civil Cases, unless otherwise provided by order of the Court.

**IT IS FURTHER STIPULATED** that, other than the items stipulated herein, nothing in this Stipulation shall be construed to preclude or limit the discoverability of any documents or other information relied upon by a testifying expert witness in preparing his or her report(s) or

that is otherwise discoverable under the Federal Rules of Civil Procedure or any Order of the Court.

**STIPULATED TO AND DATED** this 2nd day of September, 2025.

    Respectfully submitted,

CROWELL & MORING LLP
*/s/ Chahira Solh*
Chahira Solh (admitted *pro hac vice*)
Daniel A. Sasse (admitted *pro hac vice*)
3 Park Plaza, 20th Floor
Irvine, CA 92614
(949) 263-8400
csolh@crowell.com
dsasse@crowell.com


Kenneth Dintzer (NY Bar No. 2476687)
(admitted *pro hac vice)*
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 624-2500
kdintzer@crowell.com

Luke Taeschler (NY Bar No. 5308325)
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone: (212) 223-4000
ltaeschler@crowell.com

*Attorneys for Plaintiff
Compass, Inc.*


WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
s/ *Bonnie Lau*

Beau W. Buffier
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800

6

Facsimile: (866) 974-7329
Email: bbuffier@wsgr.com

Bonnie Lau (admitted *pro hac vice*)
One Market Plaza, Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2000
Facsimile: (866) 974-7329
Email: blau@wsgr.com

Eric P. Tuttle (admitted *pro hac vice*)
Nicholas R. Sidney (admitted *pro hac vice*)
701 Fifth Avenue, Suite 5100
Seattle, Washington 98104
Telephone: (206) 883-2500
Facsimile: (866) 974-7329
Email: eric.tuttle@wsgr.com
Email: nsidney@wsgr.com

*Counsel for Defendants Zillow, Inc., Zillow Group, Inc., and Trulia, LLC*

7