**WILSON SONSINI**

Wilson Sonsini Goodrich & Rosati
Professional Corporation
1301 Avenue of the Americas
40th Floor
New York, NY 10019-6022

O: 212.999.5800
F: 866.974.7329

September 11, 2025

**VIA ECF**

The Honorable Jeannette A. Vargas
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *Compass, Inc. v. Zillow, Inc. et al*, Case No. 1:25-cv-05201-JAV (S.D.N.Y.)

Dear Judge Vargas:

    Pursuant to section 10(C) of Your Honor's Individual Rules and Practices in Civil Cases, Defendants Zillow, Inc., Zillow Group, Inc., and Trulia, LLC (collectively, "Zillow") respectfully request permission to redact portions of the contemporaneously-filed Joint Discovery Letter ("Letter") and supporting Exhibits relating to Compass's request to compel the deposition of apex witness Lloyd Frink, Co-Founder, President, and Co-Executive Chairman of the Board of Directors of Zillow Group. The material Zillow seeks to redact contains confidential, competitively sensitive commercial information, disclosure of which could cause competitive and other harms to Zillow. Exhibits 1, 2, 3, and 4 to the Letter contain Zillow's proposed, narrowly-tailored redactions to protect the confidentiality of its commercially sensitive information. Zillow met and conferred with Plaintiff Compass, Inc. ("Compass") in advance of filing this request, and Compass has no objection to the proposed sealing and redactions.

    "Notwithstanding the presumption of access under both the common law and the First Amendment, [court] documents may be kept under seal if 'countervailing factors'" so demand. *Lugosch v. Pyramid Co.*, 435 F.3d 110, 124 (2d Cir. 2006); *see also, e.g.*, *Fairstein v. Netflix, Inc.*, 2023 WL 6164293, at *4 (S.D.N.Y. Sept. 21, 2023) (granting request to seal "proprietary and confidential materials about business operations"); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) ("The need to protect sensitive commercial information from disclosure to competitors seeking an advantage may constitute such an interest.").

    Here, Zillow's interest in preserving the confidentiality of its commercially sensitive information outweighs the presumption of public access in this circumstance, particularly since this information is submitted in connection with a discovery dispute. *See Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). The Second Circuit has made clear that there is a "lower interest" in confidential information submitted in connection with a discovery dispute, as compared with

**WILSON SONSINI**

Hon. Jeannette A. Vargas
September 11, 2025

evidence submitted in connection with a dispositive motion or at trial. *See id.* Accordingly, courts in this district regularly seal material connected to discovery disputes in recognition of this lowered presumption. *See, e.g.*, *Authors Guild v. OpenAI Inc.*, 2025 WL 66500, at *3 (S.D.N.Y. Jan. 10, 2025) ("a low presumption of public access attaches because these documents are related to discovery"); *Metacapital Mgmt., L.P. v. Meta Platforms, Inc.*, 2024 WL 1508655, at *2 (S.D.N.Y. Apr. 5, 2024) ("the presumption [of access to discovery materials] is generally somewhat lower than the presumption applied to materials submitted for trial or related to dispositive motions"). In the context of a discovery motion, sealing has been granted where documents "reference information of the type that would normally be kept strictly confidential by the parties" and sealing would "preserve the parties' privacy and business interests," or where the documents contain "confidential information about existing products and negotiations with other parties" that would cause a disadvantage if disclosed. *See Authors Guild*, 2025 WL 66500, at *3; *Metacapital*, 2024 WL 1508655, at *2.

Zillow requests to seal its "proprietary and confidential materials about business operations that, if disclosed, have the potential to harm" Zillow. *Fairstein*, 2023 WL 6164293, at *4. Specifically, Zillow seeks to seal the narrow, highlighted portions of Exhibits 1, 2, and 3 to the Letter, for the following reasons.

**Category 1**: Zillow seeks to seal portions of the Letter and Exhibits that quote from and discuss a confidential Zillow strategy document titled "Post Clear Cooperation Strategy." The proposed redactions related to this document are those on pages 2, 3 (second paragraph), and 4 of the Letter ; Ex. 1 (Samuelson Transcript) at 120:21–122:15; Ex. 3 (Wacksman Transcript) at 55:12–25, 107:01–108:25.

This document contains Zillow's detailed and confidential response strategy for several possible business scenarios. *See* Cartales Decl. ¶ 9. The document was labeled as confidential in the ordinary course of Zillow's business and was kept confidential within Zillow. *See id.* Zillow produced it with a Highly Confidential – Outside Counsel's Eyes Only designation, which Compass has not challenged. *See id.* If that document were itself an exhibit to the Letter, sealing would plainly be warranted, as this is type of document "that would normally be kept strictly confidential" and sealing would preserve Zillow's "privacy and business interests." *See Authors Guild*, 2025 WL 66500, at *3 (citation omitted). Accordingly, quotes and testimony regarding this document should likewise be sealed. Zillow's redactions narrowly seek to seal the detailed and confidential Zillow strategy reflected in these quotes, including Compass's arguments related to this document, a quote from another executive that purportedly summarized Lloyd Frink's views (Ex. 1 at 120:21–24), and a related line of inquiry as to whether Mr. Samuelson and Mr. Wacksman agreed with Mr. Frink's purported views (Ex. 1 at 121:01-122:25; Ex. 3 at 55:12–25, 107:01–108:25).

**Category 2**: Zillow seeks to seal other testimony regarding its confidential business strategy for similar reasons. The proposed redactions related to Zillow's confidential strategy are

**WILSON SONSINI**
Hon. Jeannette A. Vargas
September 11, 2025

those on page 3 (first paragraph) of the Letter; Ex. 1 at 154:01–25; Ex. 2 (Hofmann Transcript) at 132:22–25; Ex. 3 at 09:16–25, 42:1–25. This category of testimony relates to various confidential details of Zillow's plans and strategy. The strategy, and Zillow's views on its relations with other participants in the real estate industry, are kept confidential because disclosure would allow other market participants to adapt their behavior in responding to Zillow, including in commercial negotiations. *See* Cartales Decl. ¶ 11. Such testimony should be sealed as "proprietary and confidential materials about business operations." *Fairstein*, 2023 WL 6164293, at *4. A low presumption of public access should attach because this testimony is submitted in connection with a discovery dispute, and sealing is warranted because this testimony references "confidential information about existing products and negotiations with other parties" that would cause a disadvantage if disclosed. *See Metacapital*, 2024 WL 1508655, at *2.

**Category 3**: Zillow seeks to seal references to third parties with which it sought to negotiate contracts: Ex. 1 at 154:04, 154:20–25.[1] Zillow has confidentiality obligations to some of these third parties, *see* Cartales Decl. ¶ 13, and the very fact that Zillow negotiated with them is sensitive and should not be disclosed. *See Metacapital*, 2024 WL 1508655, at *2 (recognizing that disclosure of "negotiations with other parties" can cause harm, and sealing material referencing such negotiations filed in support of discovery motion); *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 413 (S.D.N.Y. 2015) (granting motion to seal "emails revealing confidential negotiations between [plaintiff] and one of its customers").

Zillow's confidentiality concerns as to the three categories of material identified above outweigh any public access interest here, especially given the reduced public interest in documents related to a discovery motion. *See Metacapital*, 2024 WL 1508655, at *2 (granting motion to seal confidential business information filed in support of discovery dispute and noting that courts "have found that such sensitive business information including negotiations may remain under seal even where a stronger presumption of access would apply").

For these reasons, Zillow respectfully requests that the Court seal the redacted portions of the Letter and of the deposition transcripts in Exhibits 1, 2 and 3 to the Letter.

---

[1] The request to seal references to third parties is in the alternative to the request above to seal general information about Zillow's confidential business strategy. Zillow believes that all of Ex. 1 page 154 should be sealed. But if the Court is not inclined to seal the whole page on the basis that it is Zillow's confidential strategy, Zillow requests that the Court seal the specific lines that reference third parties.

3

**WILSON SONSINI**

Hon. Jeannette A. Vargas
September 11, 2025

                                             Sincerely,

                                             /s/ *Beau W. Buffier*

                                           Beau W. Buffier (NY Bar No. 3932050)

                                           WILSON SONSINI GOODRICH & ROSATI
                                           Professional Corporation
                                           1301 Avenue of the Americas, 40th Floor
                                           New York, NY 10019-6022
                                           212.999.5800
                                           bbuffier@wsgr.com