UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMPASS, INC, <br><br> *Plaintiff*, <br><br> v. <br><br> ZILLOW, INC.; ZILLOW GROUP, INC.; and TRULIA, LLC, <br><br> *Defendants*. | DECLARATION OF SHANNON CARTALES IN SUPPORT OF REQUEST TO SEAL EXHIBITS TO JOINT LETTER BRIEF REGARDING APEX DEPOSITION OF LLOYD FRINK <br><br> Case No.: 1:25-cv-05201-JAV |

### DECLARATION OF SHANNON CARTALES

I, Shannon Cartales, declare the following under penalty of perjury:

1. I am in-house legal counsel at Zillow, Inc. ("Zillow").

2. I have personal knowledge of the facts in this declaration and could testify competently to them if called as a witness.

3. Attached as Exhibit 1 is a true and correct copy of excerpts of the deposition transcript of Errol Samuelson, Zillow Group, Inc.'s Chief Industry Development Officer, taken on August 28, 2025, with proposed redactions marked in yellow.

4. Attached as Exhibit 2 is a true and correct copy of excerpts of the deposition transcript of Jeremy Hofmann, Zillow Group, Inc.'s Chief Financial Officer, taken on August 29, 2025, with proposed redactions marked in yellow.

5. Attached as Exhibit 3 is a true and correct copy of excerpts of the deposition transcript of Jeremy Wacksman, Zillow Group, Inc.'s Chief Executive Officer, taken on August 26, 2025, with proposed redactions marked in yellow.

6. Attached as Exhibit 4 is a true and correct copy of the simultaneously filed Joint Letter Brief regarding Compass's request to compel the apex deposition of Lloyd Frink with proposed redactions marked in yellow.

7. Exhibits 1, 2 and 3 are exhibits to the Joint Letter Brief regarding Compass's request to compel the apex deposition of Lloyd Frink. Zillow seeks to seal certain portions of each transcript and of the Joint Letter Brief on the basis that the arguments and testimony disclose confidential and commercially sensitive information, disclosure of which could cause Zillow competitive or other harms.

**Category 1**

8. Zillow seeks to redact portions of the arguments and testimony that quote from and discuss a confidential Zillow strategy document titled "Post Clear Cooperation Strategy," which was produced in discovery as ZG-00026158. It is a highly confidential Zillow strategy document which contains a detailed analysis of how Zillow would respond to various business scenarios. The strategy contained in ZG-00026158 is confidential to Zillow, and Zillow maintained this document as confidential in the ordinary course of Zillow's business. Prior to this litigation ZG-00026158 contained an ordinary course header identifying it as confidential to Zillow. When Zillow's counsel produced ZG-00026158 in discovery, my understanding is that counsel designated the document as Highly Confidential – Outside Counsel's Eyes Only.

9. Zillow seeks to redact arguments and deposition testimony that quote from, discusses, and/or relates to ZG-00026158 in order to protect the confidentiality of the contents of the underlying document and to protect Zillow from competitive harm. For this reason, Zillow seeks to redact the following: Ex. 1 120:21–122:15; Ex. 3 55:12–25 and 107:01–108:25; and portions of the Joint Letter Brief on pages 2, 3 (second paragraph), and 4.

**Category 2**

10. Zillow seeks to redact other portions of the arguments and cited testimony regarding its confidential plans and business strategy. The strategy, and Zillow's views on its relations

2

with other participants in the real estate industry, are kept confidential because disclosure would allow other market participants to adapt their behavior in responding to Zillow, including in commercial negotiations.

11. For this reason, Zillow seeks to redact the following: Ex. 1 154:09–16 and 154:01–25, Ex. 2 132:22–25, Ex. 3 09:16–25 and 42:1–25; and portions of the Letter Brief on page 3 (first paragraph).

**Category 3**

12. Zillow also seeks to redact references to third parties with which it sought to negotiate contracts, including some third parties to which it owes confidentiality obligations based on non-disclosure agreements. The disclosure of Zillow's negotiations with these third parties could cause Zillow competitive harm and/or harm its relationships with these third parties. Zillow has confidentiality obligations to third parties based on non-disclosure agreements, and the fact that Zillow negotiated with these third parties should not be disclosed.

13. Zillow seeks to redact deposition testimony that would reveal the identities of third parties with whom Zillow negotiated. For this reason, Zillow seeks to redact the following: Exhibit 1, 154:04 and 154:20–25.

\* \* \*

14. Having reviewed the redactions to the Joint Letter Brief and to Exhibits 1, 2, and 3, I believe that each individual redaction is necessary to protect Zillow's business interests described above, and that there is no narrower set of redactions that would be adequate.

Executed September 11, 2025:

<span style="float:right">
DocuSigned by:

*Shannon Cartales*

Shannon Cartales
</span>