# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMPASS, INC.,<br><br>       Plaintiff,<br><br>v.<br><br>ZILLOW, INC., ZILLOW GROUP, INC., and TRULIA, LLC,<br><br>       Defendants. | Case No. 1:25-cv-05201-JAV<br><br>Hon. Jeannette A. Vargas |

**DEFENDANTS' SECOND SET OF REQUESTS
FOR PRODUCTION TO PLAINTIFF COMPASS, INC.**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Zillow, Inc., Zillow Group, Inc., and Trulia, LLC, (collectively, "Defendants") serve these Requests for Production (each, a "Request") to Plaintiff Compass, Inc.

**DEFINITIONS**

1. "**3PM**" means Compass's Three-Phase Marketing Program.

2. "**Action**" means the above-captioned action, *Compass, Inc. v. Zillow, Inc. et al.*, (No. 25-cv-05201-JAV (S.D.N.Y.)).

3. "**And**" and "**or**" shall be construed both conjunctively and disjunctively and each shall include the other whenever such construction will serve to bring within the scope of these Requests any Document that would otherwise not be brought within their scope.

4. "**Any**" or "**each**" should be understood to include and encompass "all."

1

5. "**Anywhere**" means Anywhere Real Estate Inc. and any and all Persons acting or purporting to act on its behalf, including without limitation, its agents, representatives, employees, officers, directors, insurers, receivers, accountants, attorneys, investigators, advisors, predecessors, successors, assigns, parents and subsidiaries, and any division, area, or profit center.

6. The terms "**concerning**," "**relating to**," "**relate to**," "**relates to**," "**related to**," "**referring or relating to**," "**referring to**," "**regarding**," and "**refer or relate to**" mean in whole or in any part alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon.

7. "**Communication(s)**" means any and all written, oral, telephonic, or other utterances of any nature whatsoever, shared, shown, and/or transferred between and/or among any person(s), including but not limited to any statements, inquiries, discussions, conversations, dialogues, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, emails, faxes, notations, telegrams, advertisements, interviews, and all other Documents as herein defined. The phrase "communication between" is defined to include instances where one party addresses the other party, but the other part does not respond, as well as instances in which the other party responds.

8. "**Consumers**" means current, former, or prospective home buyers or home sellers.

9. "**Document(s)**" is used in the broadest sense permitted under the Federal Rules of Civil Procedure, and include information and data compilations of every kind and description, whether inscribed by human, mechanical, facsimile, electronic, computer, magnetic, digital, video, or other means, and includes data and information stored on or in film, videotape, magnetic tape, computer memories, hard disks, floppy disks, CD-ROMs, microfilm, microfiche, and their equivalent. A draft of a nonidentical copy is a separate document within the meaning of this term.

10. "**Each**" means each and every.

11. The term "**including**" or "**include(s)**" means including without limitation.

12. "**Person(s)**" means any natural person and any other cognizable entity, including without limitation any business or corporation, whether for profit or not; firm, partnership, or other non-corporate business organization; charitable, educational, governmental, or other non-profit institution, foundation, body, or other organization; or employee, agent, or representative of any of the foregoing.

13. "**Transaction**" means the merger transaction between You and Anywhere, announced on September 22, 2025.

14. "**You**" or "**Your**" means Plaintiff Compass, Inc., and any and all Persons acting or purporting to act on its behalf, including without limitation, its agents, representatives, employees, officers, directors, insurers, receivers, accountants, attorneys, investigators, advisors, predecessors, successors, assigns, parents and subsidiaries, and any division, area, or profit center. For the avoidance of doubt, You includes licensed real estate brokerages and agents operating under the Compass brand.

15.     "**Zillow**" means Defendants in the above-captioned Action, Zillow, Inc., Zillow Group, Inc., and Trulia, LLC.

## INSTRUCTIONS

1.      All definitions and instructions as set forth in the Federal Rules of Civil Procedure are incorporated herein by reference, except as otherwise provided in these Instructions and Definitions.

2.      In answering and responding to these Requests, You shall furnish such information and Documents in Your possession, custody, or control, including information that is in the possession, custody, or control of Your agents, investigators, consultants, and (subject to any otherwise applicable privileges) attorneys.

3.      If any Document is withheld, in whole or in part, for any reason, including but not limited to any claim of privilege of any kind, work-product protection, trade secret, or confidentiality, set forth separately with respect to each Document: (a) the nature of the privilege or ground of confidentiality claimed; (b) the type of Document; (c) the author(s) of the Document; (d) the addressee(s) of the Document; (e) all Persons who received copies of the Document; (f) the date of the Document; (g) the general subject matter of the Document; and (h) the Bates range of the Document. Any privilege log or list is to be produced in an Excel spreadsheet or other format capable of electronic sorting, and its entries consecutively numbered (even if produced in multiple spreadsheets).

4.      All Documents are to be produced in full. If any part of a Document is responsive to any Request, the whole Document is to be produced, and all attachments to the Document

must also be produced. Non-responsive portions of otherwise responsive Documents may not be redacted.

5. Any alteration of a responsive Document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a final Document is a separate and distinct Document and it must be produced.

6. If You file a timely objection to any portion of a Request, Definition, or Instruction, Documents responsive to the remaining portion are to be produced and You shall state, with specificity, what Documents You are agreeing to produce.

7. If no Document responsive to a Request exists, please so state in Your response.

8. Each Document should be produced in the manner, form and position in which it is kept in the ordinary course of business, as required by the Federal Rules of Civil Procedure, including, where applicable, any index tabs, file dividers, designations, or other information as to the location of the Documents.

9. Any purportedly privileged Document containing non-privileged material must be produced, redacting only the portion purportedly privileged.

10. Each Request should be construed independently and is not to be referenced to any other Request.

11. If, in responding to a Request, You claim any ambiguity in interpreting either the Requests or an applicable Definition or Instruction, such claim shall not be used as a basis for refusing to respond, but You should set forth as part of Your response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Document Requests.

12. Each production shall be submitted with a transmittal letter that includes the production volume name, encryption method/software used for that production, and the password needed to access that production.

13. Pursuant to Federal Rule of Civil Procedure 34(b), all electronically stored information is to be produced in native format (including metadata) whenever possible.

14. For any Document or any portion thereof responsive to any Request that has been discarded, destroyed, or redacted in whole or in part, identify the Document (by type, general subject matter, author(s), and recipient(s)), provide a description of the circumstances under which the Document was lost, destroyed, or redacted (including the name of the person responsible), and identify all persons with knowledge of the existence or contents of the Document.

15. These Requests are continuing Requests. If, after producing the requested Documents, You obtain or become aware of any additional Documents responsive to these Requests, You are required to produce such additional Documents. Supplemental productions should be served no more than thirty (30) days after such Documents become known to You.

16. Present tense shall be construed as past tense and vice versa to cover the entire Relevant Time Period or any other time period specified in a specific Request.

17. The singular form of a word shall include the plural and vice versa.

18. Any keys, codes, explanations, manuals, or other Documents necessary for the interpretation or understanding of the Documents or things produced in response to these Requests shall be produced.

19. The relevant time period is March 1, 2025 to September 22, 2025, except where otherwise stated.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 9:**

All representations and warranties made by You to Anywhere in advance of or in connection with the Transaction.

**REQUEST FOR PRODUCTION NO. 10:**

All disclosures made by You to Anywhere in connection with the Transaction regarding (a) risks to Your business; (b) Your past, current, or projected financial performance; (c) the actual, potential, or projected value of Your stock; or (d) Zillow's Listing Access Standards.

**REQUEST FOR PRODUCTION NO. 11:**

All Communications between You and Anywhere regarding Zillow's Listing Access Standards, including, but not limited to, the current impact or expected future impact of the Listing Access Standards on Your business or on the value of Your stock.

**REQUEST FOR PRODUCTION NO. 12:**

All Communications between You and Anywhere regarding (a) 3PM adoption rates and/or 3PM usage by Your existing agents; or (b) agent recruitment and/or retention rates.

**REQUEST FOR PRODUCTION NO. 13:**

All Communications regarding this Action between You and Anywhere.

**REQUEST FOR PRODUCTION NO. 14:**

All financial forecasts for Your business prepared in connection with the Transaction including but not limited to forecasted market share, revenue, profits, and stock price.

Dated: September 24, 2025	Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
s/ *Beau W. Buffier*
Beau W. Buffier
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email: bbuffier@wsgr.com

Bonnie Lau (admitted *pro hac vice*)
One Market Plaza, Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2000
Facsimile: (866) 974-7329
Email: blau@wsgr.com

Eric P. Tuttle (admitted *pro hac vice*)
701 Fifth Avenue, Suite 100
Seattle, Washington 98104
Telephone: (206) 883-2500
Facsimile: (866) 974-7329
Email: eric.tuttle@wsgr.com

*Counsel for Defendants Zillow, Inc., Zillow Group, Inc., and Trulia, LLC*