# EXHIBIT 3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COMPASS, INC.,

Plaintiff,

v.

ZILLOW, INC., ZILLOW GROUP, INC., and TRULIA, LLC,

Defendants.

Proceeding in the United States District Court for the Southern District of New York

Civil Action No. 1:25-cv-05201

**REDFIN CORPORATION'S RESPONSES AND OBJECTIONS TO PLAINTIFF COMPASS, INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS, OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Redfin Corporation ("Redfin") by and through undersigned counsel responds and objects to Compass, Inc.'s ("Compass") Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena").

Redfin is not a party in the above-captioned matter. The duty imposed on a party issuing a subpoena under Rule 45 is clear: a party "must take reasonable steps to avoid imposing undue burden or expense" on a nonparty subpoena recipient. Fed R. Civ. P. 45(d)(1). Courts routinely enforce the protections afforded to nonparties under this Rule and indeed may sanction a party for issuing overbroad, burdensome, and unreasonable requests. *Id.*

Redfin's responses and objections to each of the document requests (the "Responses" and each a "Response") are made solely for the purpose of this action and subject to the operative



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Protective Order entered by the Court. Each Response is subject to all objections as to privilege, competence, relevance, materiality, propriety, and admissibility, and to any and all other objections that may be applicable at a trial or other hearing or proceeding, and all such objections and grounds are expressly reserved and may be interposed at the appropriate time. The absence of any objection to any of the Document Requests on any basis is not, and should not be construed as, a waiver of any right to assert such objection in response to any future Document Requests, request, or other discovery procedure, which rights are expressly reserved.

Redfin's Responses shall not be deemed to constitute admissions:

(a) That any particular document or thing exists, is relevant, non-privileged, or admissible in evidence; or

(b) That any statement or characterization in the Document Request is accurate or complete.

These Responses are made based upon Redfin's current knowledge and understanding as to facts and information available to it, after a reasonable and diligent investigation, as of the date of these Responses. Redfin reserves the right to amend, supplement, clarify, revise, withdraw, or correct any or all of the Responses and objections herein, produce evidence of any subsequently discovered fact and raise any additional objections or privileges, in one or more subsequent supplemental response(s) it may have in the future.

In addition to this Preliminary Statement, Redfin asserts the following General Objections and/or Specific Objections to the Definitions, Instructions, or Document Requests in the Subpoena as set forth below.

Redfin reserves the right to amend, supplement or withdraw its Responses to the Document Requests, pursuant to Fed R. Civ. P. 45 or other applicable laws and rules.

## GENERAL OBJECTIONS

The following General Objections (together with objections to Definitions and Instructions, "Objections") apply to each Document Request, whether or not stated separately in response to each particular Document Request. The assertion of the same, similar, or additional

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

objections in the specific responses set forth below, or the failure to assert any additional objections, does not waive any of Redfin's Objections, or any additional objections.

1. Redfin objects to the Subpoena because it seeks a substantial amount of information without adequate justification for seeking that information, including confidential information, from nonparty Redfin. Courts in the Western District of Washington have made clear that requests to nonparties seeking information regarding the relevant market must be accompanied by "an adequate explanation of their need." *In re eBay Seller Antitrust Litig.*, 2009 WL 10677051, at *5 (W.D. Wash. Aug. 17, 2009). "An antitrust action does not come with an automatic entitlement to force non-parties to reveal their competitive thinking." *Id.* (citing, *inter alia, ACT, Inc. v. Sylvan Learning Sys., Inc.*, WL 305300, at *2 (E.D. Pa. 1999) (crediting the nonparty's argument that it should not be forced to perform the parties' duty to analyze the relevant markets)). "Nothing, however, compels a competitor who wishes to stay outside the fray of antitrust litigation to let the litigants rummage through its files, particularly its confidential files." *In re eBay Seller Antitrust Litig.*, 2009 WL 5205961, at *4 (W.D. Wash. 2009).

2. Redfin objects that the Subpoena facially imposes undue burden and expense on Redfin. In a number of requests, the same documents or information would be equally or more readily available to parties named in this litigation or otherwise available to the parties from public sources.

3. Redfin objects to the Documents Requests as premature and unduly burdensome. The case is in its early stages, and Zillow has not responded to Compass's complaint. Redfin objects that the Document Requests seek documents from a nonparty that are neither necessary to resolve Compass's motion for preliminary injunction (Dkt. 24) nor proportionate to the needs of the case at the current stage. *See Russell Reynolds Assocs., Inc. v. Usina*, 2023 WL 3270344, at *1 (S.D.N.Y. May 5, 2023) (Discovery requested pending a motion for preliminary injunction "must be reasonably tailored to the time constraints under which both parties must proceed or to the specific issues that will have to be determined at the preliminary injunction hearing." (cleaned up)).

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

4. Redfin objects to the Document Requests to the extent they are overly broad, vague, ambiguous, contain words or phrases that are confusing, or lack sufficient definition to permit a response. Redfin will make every effort to construe the Document Requests in good faith consistent with obligations under Fed R. Civ. P. 45 or other applicable laws and rules. By responding to the Document Requests, Redfin does not adopt any meaning the Document Request may intend or have in mind, and Redfin expressly reserves the right to object to the use of any response that mischaracterizes Redfin's response or takes Redfin's response out of context or attempts to apply the response to a unilateral definition of a particular inquiry.

5. Redfin objects to each of the Document Requests to the extent that they would require Redfin to search for information that is not reasonably accessible because of undue burden or cost.

6. Redfin objects to each of the Document Requests insofar as they request information created outside the relevant period as articulated in the Subpoena or that is relevant to the preliminary injunction for which this discovery is intended. In the event that Redfin provides information beyond this time period, it should in no way be interpreted as an enlargement of the scope of Redfin's discovery obligations, an admission that any broader time period is otherwise appropriate, or a waiver of any rights or objections.

7. Redfin objects to the Document Requests to the extent they seek information that is not in the possession, custody, or control of Redfin, or is more appropriately sought from parties to the case, or other third parties. Redfin will not undertake any responsibility to search for or obtain information in the possession of other persons or entities—especially those that are parties to this matter—which are not in Redfin's possession, custody, or control. Redfin objects to the Document Requests to the extent they require Redfin to compile or prepare information that is not maintained in the ordinary course of its business or would require Redfin to conduct an unreasonable or unduly burdensome search to locate responsive information.

8. Redfin objects to the Document Requests to the extent that they seek to require Redfin to produce "all communications" or "all documents." To the extent that producing "all"

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

documents or information is unduly burdensome, Redfin will produce, subject to its objections, documents or information "sufficient to show."

9. All the Responses contained herein are based upon only such information and documents that are presently available to and specifically known to Redfin, based on a reasonable investigation.

10. Redfin objects to each of the Document Requests to the extent that such Document Request seeks the disclosure of any privileged or confidential information, including without limitation any attorney-client privileged, work product protected or confidential or business information subject to any such privilege or protection. Any inadvertent disclosure of privileged or protected information shall not constitute a waiver of any otherwise valid claim of privilege or protection, in whole or in part, and any failure to assert a privilege or protection as to one document or communication shall not be deemed to constitute a waiver of the privilege or protection as to any other document or communication so protected.

11. Redfin objects to each of the Document Requests to the extent it seeks individuals' personal data and information that is not necessary in this matter and that is subject to a reasonable right of privacy.

12. Redfin objects to the Document Requests to the extent they seek trade secrets or proprietary, commercially sensitive, or other confidential information, including information subject to contractual confidentiality obligations to third parties. *See In re eBay Seller Antitrust Litig.*, 2009 WL 10677051, at *5; *Grund & Mobil Verwaltungs AG*, 2023 WL 5533575, at *8.

13. Redfin objects to each Document Request to the extent that it calls for the disclosure of information already in Compass's possession or control, that is more readily made available by a party to this matter, that is publicly available, or that can be obtained by Compass with no more burden than would be imposed on Redfin to obtain and produce such information.

14. Redfin objects to each of the Document Requests to the extent that it calls for legal conclusions.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

15. Redfin incorporates these Objections into each specific Response to the Document Request as if set forth in full therein. The Response to a Document Request shall not operate as a waiver of any applicable objection to the Document Request.

**OBJECTIONS TO DEFINITIONS**

1. Redfin incorporates these Objections into each specific Response to the Document Request as if set forth in full therein. The Response to a Document Request shall not operate as a waiver of any applicable objection to the Document Request.

2. Redfin objects to each of Compass's proposed definitions to the extent they are ambiguous, overly broad, or otherwise inconsistent with common usage. When Redfin uses any terms or phrases that Compass has purported to define, such terms and phrases should be given either (a) the meanings set out by Redfin in these Responses, if any, or (b) in the case of ordinary words that Plaintiffs have attempted to define in a manner inconsistent with their meanings, the ordinary meaning of such words.

3. Redfin objects to all Definitions that would impose burdens on Redfin greater than allowed under Fed R. Civ. P. 45 or other applicable laws and rules.

4. Redfin objects to the definition of "Electronically Stored Information" to the extent that it purports to create an obligation to search for and/or respond with information not in Redfin's possession, custody or control.

5. Redfin objects to the definition of "Document," as overbroad, unduly burdensome, and vague and ambiguous. Redfin will interpret these terms in accordance with their ordinary and usual meaning.

6. Redfin objects to the definition of "Your" or "Your" or "Redfin" as overbroad, unduly burdensome, and vague and ambiguous to the extent it purports to include Redfin's "affiliates," "former" representatives, and "any persons purporting to act on its behalf." Redfin will limit its responses to information currently known to be in its possession, custody, or control, and in this regard, will interpret these defined terms as referring solely to Redfin Corporation, and its current and former employees.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

7. Redfin objects to the definition of "Communication," as overbroad, unduly burdensome, and vague and ambiguous, including in that it purports to require Redfin to search for and collect "nonverbal transmittal[s] of information." Redfin will interpret this term in accordance with its ordinary and usual meaning.

8. Redfin objects to the definition of connectives "and" and "or" and "between" and "among," as overbroad, unduly burdensome, and vague and ambiguous to the extent it seeks to require Redfin to "as necessary to bring within the scope of a request all information that otherwise might be construed to be outside of its scope." Redfin will interpret these terms in accordance with their ordinary and usual meaning.

9. Redfin objects to the definition of "Concerning," as overbroad, unduly burdensome, and vague and ambiguous. Redfin will interpret this term in accordance with its ordinary and usual meaning.

10. Redfin objects to the definition of "including," as overbroad, unduly burdensome, and vague and ambiguous to the extent it requires Redfin to respond to Document Requests "without limitation." Redfin will interpret this term in accordance with its ordinary and usual meaning.

11. Redfin objects to the definition of "Zillow Ban" as a reference to Zillow's Listing Access Standards to the extent it implies any characterization of facts, events, circumstances, or issues. Redfin does not adopt any such implication.

12. Redfin objects to the definition of "3-Phased Marketing Strategy," "as described in the Complaint in this Litigation" to the extent the Complaint implies any characterization of facts, events, circumstances, or issues. Redfin does not adopt any such implication.

13. Redfin objects to the definition of "Zillow," as overbroad, unduly burdensome, and vague and ambiguous to the extent it purports to include Zillow's "affiliates," "former" representatives, and "any persons purporting to act on [its] behalf." Redfin will interpret this defined terms as referring solely to Zillow, Inc., Zillow Group, Inc., and Trulia, LLC, and their current and former employees.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**OBJECTIONS TO INSTRUCTIONS**

The following Objections to the Subpoena's Instructions are incorporated into each specific objection and response below as if fully repeated therein. Objections to specific wording or aspects of the Instructions are not intended to—and shall not be construed to—imply that the Instructions are otherwise unobjectionable.

1. Redfin objects to each of the Instructions to the extent they purport to require Redfin to provide documents not in its possession, custody, or control.

2. Redfin objects to Instruction No. 2 as unduly burdensome and exceeding the requirements of the applicable rules and laws to the extent it purports to require Redfin to comply with an ESI order. Redfin is not aware of any ESI order being entered in this Litigation and, regardless, any such order would inapplicable to Redfin as a nonparty, which is not bound by any agreed ESI order among the parties. Redfin will produce documents in accordance with the applicable rules and laws.

3. Redfin objects to Instruction No. 3 as unduly burdensome to the extent it purports to require Redfin to identify and provide extensive information about documents that are no longer in Redfin's possession, custody, or control. Redfin will produce documents in accordance with the applicable rules and laws.

4. Redfin objects to Instruction No. 5 to the extent that it purports to put the burden on Redfin to interpret and define vague and ambiguous terms used by Compass.

5. Redfin objects to Instruction No. 6 as unduly burdensome and exceeding the requirements of the applicable rules and laws to the extent it purports to require Redfin to specify for each document any reason that Redfin cannot produce a document in full.

Redfin incorporates by this reference each and every objection set forth above into its responses below.

**RESPONSES TO DOCUMENT REQUESTS**

**DOCUMENT REQUEST NO. 1:** All communications between You and Zillow from January 1, 2024 through July 20, 2025, including but not limited to any potential

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

business relationship, the Rental Partnership, Zillow's Listing Access Standards, the topics addressed in Redfin's April 14, 2025 article titled "Buyers Should See All the Listings, Sellers Should Control How Their Listing Appears Online," Compass (including Compass's Three-Phased Marketing Strategy or Compass's Public marketing strategies), or any off-MLS or pre-MLS marketing strategies.

**RESPONSE TO DOCUMENT REQUEST NO. 1:** Redfin objects to this Request to the extent it seeks documents protected from discovery and disclosure by the attorney-client privilege, the attorney work product privilege, or by any other applicable privilege or immunity. Redfin objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case in that it seeks "all communications" related to a wide range of topics, between countless individuals, without regard to whether that information is relevant to the claims and defenses in this Action, let alone whether it is necessary to resolve Compass's pending motion for preliminary injunction. Redfin objects to communications regarding a "Rental Partnership" as wholly unrelated and thus irrelevant to the claims and defenses in this Litigation and because Compass's motion for preliminary injunction does not address these subjects. *See Usina*, 2023 WL 3270344, at *1 ("[C]ourts must tailor the discovery [sought prior to a preliminary injunction hearing] as appropriate."). Redfin further objects to the time period as overly broad and unduly burdensome in that it seeks communications exchanged several months before any pertinent dates of events identified in the Complaint or on which Compass's claims are based. Redfin further objects to this Request as unduly burdensome and disproportionate to the needs of the case because it seeks communications between a nonparty and the parties to the case, which are equally available and accessible to the parties. In fact, Compass indicated that it intends to propound a nearly identical document request from Zillow. *See* Dkt. 31-1 at 6 (moving for expedited discovery from Zillow seeking "All communications between Zillow and Redfin concerning the Zillow Ban, Compass (including Compass's Three-Phased Marketing Strategy or Compass's public marketing strategies), any off-MLS or pre-MLS marketing strategies, or this Litigation from March 1, 2025 to present."); Dkt. 58 (granting motion for expedited discovery).

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Redfin objects to this Request to the extent it seeks individuals' personal data and information that is not necessary in this matter and that is subject to a reasonable right of privacy. Redfin objects to the term "off-MLS or pre-MLS" as vague and ambiguous. Redfin will construe this term as limited to listings that are not published on an MLS and that market homes of the kinds that are typically listed for sale on an MLS—such as office exclusives, private listings, pocket listings, or coming soons. Redfin does not construe this term to encompass listings for properties that are generally not listed on an MLS, such as apartments/multifamily properties. Redfin further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case in that it seeks communications broadly from "Redfin." Redfin will limit its production to communications with Redfin's CEO Glenn Kelman.

Subject to and without waiver of its Objections, and subject to its understanding of this Request, Redfin will produce, if any, non-privileged, responsive communications between Redfin CEO Glenn Kelman and Zillow concerning Zillow's Listing Access Standards and Redfin's April 14, 2025 article titled "Buyers Should See All the Listings, Sellers Should Control How Their Listing Appears Online," and off-MLS or pre-MLS marketing strategies between March 1, 2025 and June 23, 2025 that can be located through a targeted, reasonable search.

**DOCUMENT REQUEST NO. 2:** Documents from January 1, 2024 through July 20, 2025 sufficient to show the market and competition for online home search services, including market share or competitive landscape studies.

**RESPONSE TO DOCUMENT REQUEST NO. 2:** Redfin objects to this Request to the extent it seeks documents protected from discovery and disclosure by the attorney-client privilege, the attorney work product privilege, or by any other applicable privilege or immunity. Redfin further objects to this Request to the extent it seeks trade secrets, confidential or proprietary information. Redfin objects to this attempt to force Redfin as a nonparty to perform the parties' duty to analyze the relevant market as an unpaid expert. *See In re eBay Seller Antitrust Litig.*, 2009 WL 10677051, at *5; *Grund & Mobil Verwaltungs AG*, 2023 WL 5533575, at *8. Redfin objects to the phrase "market and competition for online home search services" to

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

the extent it incorporates or calls for a legal conclusion or implies an erroneous statement of law or fact, including any implication that "online home search services" is a definable, relevant market for antitrust purposes or that any documents produced in response constitute an admission of their accuracy. Redfin further objects to the use of the phrase "market and competition for online home search services" as vague and ambiguous. Redfin will interpret this term, as used in this Request, as seeking data comparing web traffic rates for websites that aggregate and display MLS home sale listings in the United States. Redfin objects to this Request as premature and neither necessary to resolve Compass's motion for preliminary injunction nor proportionate to the needs of the case at the current stage, including because the Court has limited discovery and excluded data discovery at this phase. *See Usina*, 2023 WL 3270344, at *1 ("[C]ourts must tailor the discovery [sought prior to a preliminary injunction hearing] as appropriate.").

Subject to and without waiver of its Objections, and subject to its understanding of this Request, Redfin states that it relies on a third-party service, Comscore, Inc., from whom the same data is equally available to Compass. In addition, because the Court has excluded data from discovery for the preliminary injunction, Redfin will not produce data in response to this Request.

Dated this 6th day of August, 2025.

DAVIS WRIGHT TREMAINE LLP

By: *s/ Gerald A. Stein*
Gerald A. Stein
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Tel: 212.402.4095
GeraldStein@dwt.com

Robert J. Maguire
MaryAnn Almeida
Emily Parsons
DAVIS WRIGHT TREMAINE LLP

REDFIN CORPORATION'S RESPONSES AND OBJECTIONS
TO COMPASS'S SUBPOENA (1:25-cv-05201-JAV) - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Tel: 206.622.3150
RobMaguire@dwt.com
MaryAnnAlmeida@dwt.com
EmilyParsons@dwt.com

*Attorneys for Nonparty Redfin Corporation*

REDFIN CORPORATION'S RESPONSES AND OBJECTIONS TO COMPASS'S SUBPOENA (1:25-cv-05201-JAV) - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax