UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                      :

COMPASS, INC.,                      :

                 Plaintiff,      :

                              :         25-CV-05201 (JAV)

       -v-                 :

                              :            ORDER

ZILLOW, INC., ZILLOW GROUP, INC., and TRULIA,  :
LLC,                               :

                    Defendants.   :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On October 27, 2025, Plaintiff and Defendants filed a redacted, joint letter regarding three issues: (1) Compass's October 23, 2025 disclosure that it intends to call a real estate agent affiliated with Compass as a witness at the preliminary injunction ("PI") hearing; (2) the Supplemental PI Briefs, and (3) sealing procedures for pre-hearing briefs. ECF No. 98 at 1. Plaintiff also filed a motion to seal that joint letter by redacting portions of it and its accompanying exhibits. ECF No. 99.

Plaintiff's request for permission to redact certain personal identifying information ("PII") of the proposed witness (such as name, phone number, and license number) in ECF No. 98 is **GRANTED**. The presumptive right of the public to access judicial documents is firmly entrenched in both the common law and the First Amendment. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Under the common law inquiry, courts apply a three-part test to determine if sealing is appropriate. First, courts must determine whether the records at issue are judicial documents, that is, is "the item filed . . . relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119 (2d Cir. 2006). Second, if the records are judicial documents, courts assess the weight to be given to the presumption of judicial access, "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* Third, courts balance the presumption of judicial access against "competing considerations against it," such as privacy interests. *Id.* at 120. Here, the specific personal identifying information Plaintiff seeks to seal is only relevant in the exercise of judicial power to determine the identity of the witness when testifying at the PI hearing. Since Plaintiff accepts that the proposed witness's "identity will become public if the [witness] is permitted to testify at the hearing," ECF No. 99 at 1, then the information Plaintiff seeks to seal will not reduce the public's access to material at issue in the exercise of judicial power. Accordingly, the proposed witness's privacy interest in safeguarding their PII is dispositive.

Concerning Plaintiff's disclosure on October 23, 2025 that it intends to call a real estate agent as a witness at the PI hearing, the Court permits Plaintiff to call said witness at the PI

hearing.  Plaintiff abided by the October 24, 2025 deadline to exchange final witness lists and the Court will benefit from the proposed witness's perspective about the alleged anticompetitive harm at issue.  To obviate any potential prejudice, Defendant may conduct a two-hour deposition of the identified real estate agent no later than **NOVEMBER 7, 2025**.

Concerning the Supplemental PI Briefs, those briefs shall not exceed 10,000 words and shall not attach any new fact witness declarations.

The Court adopts the sealing procedures set out in the joint letter.  ECF 98 at 8.

Accordingly, Plaintiff's motion to seal, ECF No. 99, is **GRANTED**.  The Clerk of the Court is directed to terminate ECF No. 99.

SO ORDERED.

Dated: October 30, 2025
     New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge