UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                :
COMPASS, INC.,                                            :

              Plaintiff,               :         25-CV-05201 (JAV)

     -v-                                 :         <u>ORDER</u>

ZILLOW, INC., ZILLOW GROUP, INC., and TRULIA,  :
LLC,

            Defendants.        :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

      On October 24, 2025, Plaintiff filed a redacted motion to compel third-party Redfin Corporation ("Redfin") to produce three documents in response to Compass's subpoenas *duces tucum*. ECF No. 94 at 1. Attached to that motion were three exhibits, two of which were filed under seal. ECF Nos. 94-1 ("Exhibit A"), 94-2 ("Exhibit B"). In connection with its motion to compel, Plaintiff submitted a motion to redact certain information in the motion to compel and to maintain Exhibits A and B under seal. Subsequently, Redfin filed a letter with the Court in support of the motion to seal. ECF No. 108. Plaintiff's motion to seal is **GRANTED**.

      The presumptive right of the public to access judicial documents is firmly entrenched in both the common law and the First Amendment. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Under the common law inquiry, courts apply a three-part test to determine if sealing is appropriate. First, courts must determine whether the records at issue are judicial documents, that is, is "the item filed . . . relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119. Second, if the records are judicial documents, courts assess the weight to be given to the presumption of judicial access, "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* Third, courts balance the presumption of judicial access against "competing considerations against it," such as privacy interests or the confidentiality of business records. *Id.* at 120.

      To determine whether the First Amendment presumption of access applies, the Second Circuit applies an "experience and logic" approach, which "requires the court to consider both whether the documents 'have historically been open to the press and general public' and whether 'public access plays a significant positive role in the functioning of the particular process in question.'" *Id.* (quoting *Press–Enterprise Co. v. Superior Court,* 478 U.S. 1, 8 (1986)). "The courts that have undertaken this type of inquiry have generally invoked the common law right of access to judicial documents in support of finding a history of openness." *Id.* Where the presumptive First Amendment right of access applies, "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (citation omitted).

      Having reviewed the material that the parties seek to place under seal, the Court concludes that Redfin has made a sufficient showing that the information that they seek to seal, concerning an internal email exchange and a deposition, qualifies as "confidential business information" that is material to Redfin's competitive position in the market and could potentially inflict "significant competitive disadvantage" on Redfin through disclosure. *Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (internal quotation marks omitted). Moreover, since the Court denied Plaintiff's motion to compel for separate, jurisdictional reasons, none of the information that Plaintiff and Redfin seek to seal was relevant to the exercise of judicial power there. Accordingly, the Court finds that, in this instance, the "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access." *Id.* (internal citations and quotation marks omitted).

      Accordingly, Plaintiff's motion to seal, ECF No. 95, is **GRANTED**. The Clerk of Court is directed to terminate ECF No. 95.

      SO ORDERED.

Dated: November 3, 2025  
       New York, New York

                                        JEANNETTE A. VARGAS  
                                        United States District Judge