UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
COMPASS, INC., :
:
                         Plaintiff, :
:     25-CV-05201 (JAV)
    -v- :
:     <u>ORDER</u>
ZILLOW, INC.; ZILLOW GROUP, INC.; and TRULIA, :
LLC, :
:
                         Defendants. :
:
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

       On October 6, 2025, Defendants filed an unredacted letter motion for conference under seal. ECF No. 86. Pursuant to that letter motion, Defendants also filed a letter motion to seal requesting permission to redact certain information that was designated as confidential by Plaintiff. ECF No. 85. Defendants did not explain the basis to redact that information but stated that "[Plaintiff] intends to file a letter explaining the basis for the proposed redactions." *Id.* at 1. To date, Plaintiff has not submitted a letter explaining the basis for the proposed redactions. Defendant's motion to seal is **DENIED.**

       The presumptive right of the public to access judicial documents is firmly entrenched in both the common law and the First Amendment. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Under the common law inquiry, courts apply a three-part test to determine if sealing is appropriate. First, courts must determine whether the records at issue are judicial documents, that is, is "the item filed . . . relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119. Second, if the records are judicial documents, courts assess the weight to be given to the presumption of judicial access, "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* Third, courts balance the presumption of judicial access against "competing considerations against it," such as privacy interests or the confidentiality of business records. *Id.* at 120.

       To determine whether the First Amendment presumption of access applies, the Second Circuit applies an "experience and logic" approach, which "requires the court to consider both whether the documents 'have historically been open to the press and general public' and whether 'public access plays a significant positive role in the functioning of the particular process in question.'" *Id.* (quoting *Press–Enterprise Co. v. Superior Court,* 478 U.S. 1, 8 (1986)). "The courts that have undertaken this type of inquiry have generally invoked the common law right of access to judicial documents in support of finding a history of openness." *Id.* Where the presumptive First Amendment right of access applies, "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to

serve that interest." *Id.* (citation omitted).

      Having reviewed all of the information that Defendants seek to place under seal, the Court concludes that the privacy interests of Plaintiff do not outweigh the First Amendment presumption of access. The information sought to be redacted appears to be confidential from Plaintiff's perspective due to Plaintiff's interest in keeping that information private until Plaintiff's Third Quarter 2025 Earnings Report is public. Since Plaintiff published its Third Quarter 2025 Earnings Report yesterday on November 4, 2025, Plaintiff no longer appears to have a compelling reason to keep that information sealed. Accordingly, the First Amendment presumption of access outweighs Plaintiff's privacy interests here.

      Defendant is directed to file an unredacted version of its Letter Motion for Conference, ECF No. 86, on the docket. The Clerk of Court is directed to terminate ECF No. 85.

      SO ORDERED.

Dated: November 6, 2025
      New York, New York

                                             JEANNETTE A. VARGAS
                                             United States District Judge