November 7, 2025

*Via CM/ECF*

The Honorable Jeannette A. Vargas
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Compass, Inc. v. Zillow, Inc. et al.*, **Case No. 1:25-cv-05201-JAV (S.D.N.Y.)**

Dear Judge Vargas:

Plaintiff Compass, Inc. ("Plaintiff" or "Compass") and Defendants Zillow, Inc., Zillow Group, Inc., and Trulia, LLC (collectively, "Defendants" or "Zillow") respectfully submit this joint letter regarding the parties' proposals for the upcoming preliminary injunction hearing (the "PI Hearing").  The parties met and conferred several times in advance of this submission and are at an impasse on the issues and procedures discussed below.  The parties attach Exhibits A and B, which are Plaintiff's and Defendants' respective redline changes and additions to Your Honor's Individual Rules and Practices for Hearings and Trials.

### I.  Undisputed Issues

The parties agree, subject to the Court's approval, on the following issues:

1. Opening statements will be 30 minutes per side.
2. The parties defer to the Court's preference as to when and how to present closings and legal argument on the PI Motion.
3. Time spent examining witnesses, whether on direct, cross, redirect, or by video designation that is played in court will be charged against that party. The Clerk shall keep the official time, and the parties shall also track time and promptly raise any disputes with the Court at the conclusion of each hearing day.
4. Except for purposes of rebuttal, witnesses will be presented only once, whether by live testimony or deposition designations.
5. In the interest of efficiency, the parties agree to submit deposition designations during the hearing but allow for such testimony to be reviewed, watched, or considered by the Court outside of the in-court hearing time allotted to the parties.  The parties reserve the right to play segments of the deposition testimony during the hearing.  (Note that although the parties agree on this process, they disagree as to which witness's depositions may be designated and submitted, as discussed below.)
6. The parties will exchange deposition designations in advance of the hearing according to a schedule agreed by the parties.
7. Documents that were produced by a party as required under the Federal Rules of Civil Procedure are presumed authentic for purposes of this hearing, absent good cause.

    8. All objections to exhibits, witnesses, and testimony are preserved for future proceedings, hearings, and trials.

## II. Number and Admissibility of Exhibits

    a. Plaintiff's Position

Plaintiff proposes (i) that the joint exhibit list for the PI Hearing consists of no more than 400 exhibits (no more than 200 exhibits per side), and (ii) that all exhibits on the joint exhibit list are deemed authentic and admitted for purposes of the PI Hearing and Plaintiff's motion for preliminary injunction. Plaintiff's proposal seeks to streamline the evidentiary and procedural issues that might arise at the hearing so that the litigants may make the best use of the Court's time during the hearing. To this end, Plaintiff seeks to cap the number of exhibits on the parties' joint exhibit list and expedite their movement into the hearing's evidentiary record. Neither party will be disadvantaged by this approach.

*Number of Exhibits*

First, capping the joint exhibit list will promote efficiency and is made necessary by Zillow's excessive identification of documents (475) in its November 4, 2025 exhibit list filing. (ECF No. 118). Neither party should realistically need more than 200 documents to address Plaintiff's motion for a preliminary injunction. By identifying 475 exhibits, Zillow increases the complexity of document management for the PI Hearing and makes it more difficult for Compass to properly prepare their witnesses for the hearing. Put simply, 475 exhibits are excessive and necessitate a cap.

Of course, it is well within the Court's discretion to set procedures governing how evidence is disclosed, presented, and admitted during such proceedings. *See, e.g., Castaldi v. Land Rover North America, Inc.*, 363 Fed. Appx. 761, 762 (2d Cir. 2009) (explaining that the district court "possesses broad discretion" to determine the way evidence is presented). Courts have used this discretion to cap the number of exhibits, including courts in this district, *Geigtech East Bay LLC v. Lutron Electronics Co., Inc.*, 18-cv-05290 (S.D.N.Y. Nov. 12, 2024), Decision and Order, ECF No. 572 (limiting each side to 50 exhibits), and courts deciding antitrust claims at the preliminary injunction stage. *See United States of America v. Booz Allen Hamilton Holding Corp.*, 22-cv-01603 (D. Md. Aug. 10, 2022), Preliminary Injunction Hearing Scheduling and Case Management Order, ECF No. 99 at ¶ 15 (limiting each side to 40 exhibits).

Zillow's present position—that it needs over 400 exhibits to present its case—directly conflicts with Zillow's position just a few weeks ago that the Court could resolve Plaintiff's motion with *no evidence* beyond the declarations contained in the parties' initial filings. *See* ECF No. 33 at 4 ("discovery is unnecessary here"); ECF No. 121 at 3 ("no live testimony or evidentiary hearing is necessary because the PI Motion can and should be denied on the papers"). Putting aside Zillow's inconsistent positions, Zillow cannot articulate why the 201st document, the 301st document, and the 401st document on its exhibit list are actually necessary. Further, by the time the hearing begins, Zillow will have had Compass's selected exhibits—many of which it is already familiar with from depositions—for several weeks. Zillow references Compass's "ever-changing

The Honorable Jeannette A. Vargas
November 7, 2025
Page 3

theory of the case" but provides no specifics; nor can it, as Compass's theory of relief was properly articulated in Compass's complaint and preliminary injunction motion.

*Admissibility of Exhibits*

Second, the Court should admit all documents on the capped exhibit lists to ensure the efficiency of the hearing and save time by not needlessly meeting and conferring and litigating over objections inapplicable at the preliminary injunction stage. As Zillow acknowledges, the Federal Rules of Evidence do not apply in the traditional way in the PI Hearing and thus should not operate to preclude evidence at all. *See Federal Trade Commission v. Tapestry, Inc.*, 755 F.Supp.3d 386, 411 (S.D.N.Y. 2024) ("As a concession to the expedited and nonfinal nature of preliminary-injunction proceedings, the Court has at times relied on 'procedures that are less formal and evidence that is less complete than in a trial on the merits.' For example, both sides have submitted – and the Court has admitted – limited hearsay evidence on the understanding that 'hearsay evidence may be considered by a district court in determining whether to grant a preliminary injunction' and that, at this stage, '[t]he admissibility of hearsay under the Federal Rules of Evidence goes to weight, not preclusion.' Insofar as a piece of evidence contains hearsay, or otherwise may lack indicia of reliability, the Court accounts for that fact in deciding how much weight to assign that piece of evidence.") (citations omitted); *American Federation of Government Employees, AFL-CIO v. U.S. Office of Personnel Management*, 786 F.Supp.3d 647, 661 (S.D.N.Y. 2025) ("The 'admissibility of hearsay under the Federal Rules of Evidence goes to weight, not preclusion, at the preliminary injunction stage.'") (citations omitted). Indeed, Zillow has not raised an authenticity or admissibility objection to any particular document; as for hearsay concerns, these can be most efficiently raised by Zillow in closing argument or post-hearing submissions. Ultimately, in a bench trial of this type, such arguments properly go to weight and not admissibility.

Moreover, the exhibits at issue here have significant indicia of reliability. Indeed, the exhibits are either business records produced from the parties' or third parties' company files, screenshots of the parties' or third parties' public websites, or public filings submitted to the Securities and Exchange Commission. These types of documents are both authentic and admissible for the PI Hearing. *See, e.g.*, *John Paul Mitchell Systems v. Quality King Distributors, Inc.*, 106 F.Supp.2d 462, 472 (S.D.N.Y. 2000) (explaining that documents produced by parties to the litigation are implicitly authenticated and admitting produced document as business record); *Lebewohl v. Heart Attack Grill LLC*, 890 F. Supp. 2d 278, 298-99 (S.D.N.Y. 2012) (holding website screenshots admissible because they were direct printouts with domain addresses and thus had sufficient indicia of authenticity). Zillow presents no support to the contrary.

Zillow's approach to admissibility of documents is tied to its complicated and deeply prejudicial approach regarding the proposed scope of the evidentiary record for the hearing and Plaintiff's motion. Discussed further below, Zillow has adopted a position that allows documents cited in briefing to magically move into evidence but requires all other exhibits to be entered with a witness during the hearing. This is certainly inconsistent (why are documents cited in briefing inherently more reliable then other documents on the exhibit list?), but also will (1) result in significant time at the hearing resolving meaningless admissibility issues, (2) limit the number of exhibits Plaintiff can move into the record, and (3) give Zillow an advantage as

The Honorable Jeannette A. Vargas
November 7, 2025
Page 4

the filer of the final pre-hearing brief. The Court has indicated it wants to hear witnesses at the hearing; Zillow seems determined to spend time at the hearing making windy and unnecessary evidentiary arguments. Zillow's approach is unnecessary and counterproductive.

The Court should reject Zillow's argument that Defendants may be prejudiced by admitting all exhibits. So long as the parties have notice before the hearing begins that the Court will adopt this approach, Zillow can use its time at the hearing and its pages in the post-hearing submissions to argue why one document or another should not be relied upon.

Accordingly, Plaintiff respectfully asks the Court to cap the exhibits to 200 per side and admit the then-capped set of exhibits at the beginning of the PI Hearing.

      b. <u>Defendants' Position</u>

Zillow opposes a cap on the number of exhibits on the exhibit list. Zillow proposes a limited, orderly, and efficient means for the parties to raise any important objections as to exhibits actually used at the hearing.

*Number of Exhibits*

Zillow has no intention of introducing an excessive number of exhibits at the PI hearing, nor do the limited trial hours allow for that, as counsel explained during the conferral process. However, as the responding party, Zillow needs flexibility to introduce evidence rebutting Compass's contentions at the hearing, particularly in view of Compass's ever-changing theory of the case. Compass has prepared its case and its proposed cap presumably aligns with the case-in-chief that Compass intends to present. Zillow does not have the benefit of having seen Compass's hearing presentation and it is thus premature to impose an arbitrary cap on the number of exhibits that Zillow may draw from. This is particularly true when Zillow received Compass's supplemental PI brief only four days before final exhibit lists were due and Compass is continuing to produce documents relating to its newly disclosed agent-witness. It is simply too late in the process to impose a cap mere days before the hearing is set to begin.

For similar preliminary injunction hearings in complex antitrust litigation, courts in this district have *not* set hard limits on the number of exhibits on party exhibit lists. *See FuboTV Inc. et al. v. The Walt Disney Co. et al.*, No. 24 Civ. 1363-MMG-JW (S.D.N.Y. July 19, 2024), Joint Pre-Hearing Stipulation, ECF No. 220 ¶ 6 (no limit); *FTC v. Tapestry, Inc.*, No. 24 Civ. 3109-JLR (S.D.N.Y. Aug. 26, 2024), Stipulated Pre-Hearing Order, ECF No. 172 § F.1-2 (no limit on size of exhibit list, but requiring designation of "up to 300 exhibits from their respective exhibit lists that each side has a good faith basis to believe are likely to be used during direct examinations"). Compass provides no compelling contrary authority. In *Geigtech East Bay LLC v. Lutron Electronics Co., Inc*, the court decided that 50 exhibits per side was warranted "given the narrow scope of the trial." 18-cv-05290 (S.D.N.Y. Nov. 12, 2024), Decision and Order, ECF No. 572. By contrast, Compass's PI Motion raises far-ranging arguments and defenses. *Booz Allen Hamilton* is inapt because the parties had already stipulated to a 40-exhibit limit when the court ordered one. *United States of America v. Booz Allen Hamilton Holding Corp.*, 22-cv-

The Honorable Jeannette A. Vargas
November 7, 2025
Page 5

01603 (D. Md. Aug. 10, 2022), Joint Motion for Entry of Preliminary Injunction Hearing Scheduling and Case Management Order, ECF No. 98 ¶ 15.  No such stipulation is present here.

*Admissibility of Exhibits*

Zillow does not agree to Compass's proposal that Zillow waive all objections to the admissibility of Compass's exhibits.  Zillow does not anticipate a substantial number of disputes over admissibility of exhibits, and agrees that documents produced in discovery by a party may be presumed authentic. But as the Court's Individual Rules and Practices for Hearings and Trials § 3.E expressly provide, Zillow should be allowed a reasonable opportunity to object to exhibits. Compass concedes that the Court may consider, for example, hearsay objections to assess the "weight" to be accorded that evidence at the "preliminary injunction stage." *American Federation of Government Employees*, 786 F.Supp.3d at 661.  There is no sense in short-circuiting this procedure by eliminating the ability for parties to consider and raise serious objections in an orderly way.

As discussed below, Zillow proposes to streamline the objection process by focusing on exhibits that are actually used during the hearing.  Under Zillow's proposal, parties disclose the witnesses they intend to call in their case and the exhibits they may use with each witness.  The opposing party may then raise with the disclosing party any serious objections to proposed exhibits, and if the parties are unable to resolve the issue by meeting and conferring, then the objection may be raised with the Court the morning the exhibit is used.  Zillow is *not* proposing that the parties or the Court spend time raising or resolving objections to all exhibits on the exhibit list, many of which may never be used.[1]

Zillow again has no intention of making unnecessary objections and recognizes that evidentiary standards are relaxed when considering a PI motion.  But that does not mean the Federal Rules of Evidence are irrelevant because the Court must consider the "weight" of the evidence and whether any inadmissible evidence is likely to be admitted at trial.  *Id.*  Compass can bring its specific arguments supporting the admissibility of its exhibits if Zillow brings any such objections.

### III.      Limitations on Record for Decision of the PI Motion

a. Plaintiff's Position

In forming the contours of the evidentiary record for resolving Plaintiff's motion, Plaintiff requests the following guardrails: (i) as noted below, deposition testimony may only be submitted for witnesses not testifying live at the hearing (or for witnesses for whom the parties have agreed should be presented only by deposition), and (ii) as noted above, all exhibits contained on the parties' final joint exhibit list, excluding the expert reports served in this matter,

---

[1] To the extent the parties have any serious objections to evidence submitted with the opposing parties' briefing on the motion, that can be addressed in connection with those briefs.

are automatically admitted into the record on the first day of the hearing.  Both of these requests are aimed at providing the Court with the most complete record in the most efficient way possible.

First, the Court should limit the admissibility of prior testimony for any witness testifying live (unless the parties have agreed the witness should be presented only by deposition.). As a guardrail, this will ensure that prior testimony of a sitting witness is not backdoored into the record, requiring the opposing party to spend precious hearing time crossing a witness on testimony the Court has not ever heard. For witnesses who are not available to testify in person (because they are not within the Court's jurisdiction or for any other permissible reason), the parties will be on an equal footing in designating testimony.  Nothing in this request, of course, will block a party from confronting a witness with his or her prior inconsistent testimony, as permitted by FRE 801(d)(1)(a).  (This approach is further discussed in Section V below.)

Second, for the documents, Plaintiff's approach allows the parties to cite a more fulsome set of documents in post-hearing briefing than those that can be used with witnesses during the four-day hearing. This approach will ensure that the hearing is both efficient and productive.  By entering the full set of documents from the joint exhibit list, the Court will ensure that neither party is required to use the valuable time at the hearing mechanically moving documents into evidence with witnesses.  Plaintiff's approach further recognizes that many of the documents in the case will not need foundational testimony to be entered into the evidentiary record.

Third, the Court should exclude the expert reports of both parties' experts, except as used to impeach the experts while they are on the stand.  There is no basis to admit these reports into the hearing record when those same experts will testify live.  Moreover, submitting the expert reports will put into the record Dr. Wu's 102-page report on which Compass will not have the time or opportunity for a complete cross-examination.  Allowing Zillow to enter this report would permit Zillow both during the hearing and any subsequent appeal, to cite untested expert testimony, and to avoid eliciting Dr. Wu's expert testimony on direct examination.  Expert testimony—especially in an antitrust case—should not enter the record untested. [2]

The Court should reject Zillow's approach, which is logically inconsistent and seems designed to limit the ground the parties can cover at the hearing and favor Zillow.  Zillow's position regarding documents has two fundamentally inconsistent parts: (1) documents attached to the briefs walk into the record untested, and (2) for any other document to enter the record, it must be used during the hearing (presumably with a witness) and after being subject to objection. This two-tiered approach makes no sense; if a document is stapled to the brief, under Zillow's approach, it somehow has indicia of reliability not found on any other document on the parties' exhibit lists.  As movants, with the burdens of proof on most matters in this hearing, Plaintiff would be prejudiced by the Zillow approach, as it favors the second filer of the brief (Zillow) and gums up the hearing which Zillow never wanted to have.  Indeed, Compass submitted its pre-

---

[2] Zillow's reliance on *Kreppel* is inapposite. <u>Kreppel v. Guttman Breast Diagnostic Inst., Inc.</u>, 1999 WL 1243891, at *2 (S.D.N.Y. Dec. 21, 1999).  Here, Zillow is seeking to introduce and rely on Dr. Wu's report beyond his in-court testimony.  Dr. Wu was *retained by Zillow* and thus in no way is an opposing party to Zillow.

The Honorable Jeannette A. Vargas
November 7, 2025
Page 7

hearing brief on October 31, 2025, before Zillow's brief-as-document-entry-portal would be adopted.

Accordingly, the Court should adopt Compass's approach regarding the admission of deposition testimony and pre-admitting exhibits.

      b. <u>Defendants' Position</u>

Zillow proposes that the record on Plaintiff's motion for a preliminary injunction should be: (1) materials submitted with the parties' briefing on Plaintiff's motion, including relevant deposition testimony; and (2) evidence (testimony and exhibits) received during the hearing. The proposal does not "favor Zillow" and is instead fully consistent with the Local Rules and standard practice for preliminary injunctions. It is Compass that now wants to restrict the record generated during expedited discovery, presumably because Compass knows that it contains many damaging admissions that undermine its claims.

Compass's proposals to exclude deposition testimony for witnesses testifying live and to limit the record on its Preliminary Injunction motion to exhibits that are listed on the final exhibit list are both too broad and too narrow.

First, there is no basis to exclude from the record deposition testimony from Compass executives. Compass's rule is too narrow and contravenes FRCP 32, which permits an adverse party to use "for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent." FRCP 32(a)(3). Thus, these depositions could be used *at trial* and it makes no sense to exclude the Court from considering them in connection with a PI hearing, where admissibility is relaxed and declarations are routinely considered. As discussed below, it is not practical or efficient to re-elicit all of the relevant testimony on cross during the hearing. There is also no prejudice to Compass: it defended its executives' depositions with full knowledge that FRCP 32 would allow Zillow to use those depositions later in the case "for any purpose."

Second, Compass's proposal is too broad because it puts into the record all exhibits on the exhibit list, regardless of whether the exhibit was actually used at the hearing or submitted with (and discussed in) any party's written submission. The parties' post-hearing submissions should focus on evidence that was actually presented by the parties and discussed at the hearing or in the briefs, not evidence thrown into the record by inclusion on a list but that was never subject to any focus or discussion.

Compass's proposal is also too narrow because it excludes all evidence submitted by the parties in connection with their briefing on Plaintiff's PI motion. That contravenes Local Civil Rule 7-1(a)(3), which requires parties to attach "exhibits . . . containing any factual information and portions of the record necessary for the decision of" any "motion" filed with this Court. The parties submitted such evidence with their original briefs, Plaintiff submitted additional evidence with its supplemental brief, and Zillow will do the same. *See, e.g., Cumulus Media New Holdings Inc. v. The Nielsen Company (US) LLC*, Dkt. 49, Case No. 1:25-cv-08581-JAV (S.D.N.Y. Oct. 10, 2025) (directing parties in antitrust case to submit preliminary injunction

7

The Honorable Jeannette A. Vargas
November 7, 2025
Page 8

briefing with "documentary evidence" and declarations from fact and expert witnesses). There is no basis to disregard evidence submitted with a motion simply because there will also be a four-day hearing for the Court to hear live testimony on the most important issues. This is an antitrust case raising complex issues, and the Court should be free to consider the evidence the parties deemed important enough to include and discuss in their briefs as required by the local rules. Compass may raise any objections to exhibits included with pre-hearing briefing in its proposed findings.

Third, there is no reason to preclude the Court from considering expert declarations, which are (or will be) submitted with the parties' briefing. Compass attached its expert's declaration to its supplemental brief, Dkt. 114-1, and Zillow expects to do the same. Expert declarations are routinely considered by courts, including this one, on preliminary injunction motions when submitted by the parties. *See Flores v. Town of Islip*, 2019 WL 1515291, at *3 (E.D.N.Y. Apr. 8, 2019) (denying request to strike expert report submitted in connection with preliminary injunction).[3] Again, this is a complex antitrust case raising significant expert issues, and the four-day hearing will not provide time for the parties' experts to discuss all aspects of their opinions and reports. As Compass recognizes, the Court is a sophisticated fact finder and may assign whatever weight it sees fit to the evidence submitted by parties in post-hearing submissions. After insisting on discovery, Compass's proposals now seek to restrict the Court from reviewing a fulsome record, especially when combined with its proposed cap on exhibits.

**IV.   Exchange of Witness Order, Exhibits, Demonstratives, and Confidentiality Designations**

    a.   Plaintiff's Position

*Witnesses*

Plaintiff proposes that the parties disclose witnesses and witness order the morning before those witnesses are called. This proposal allows sufficient time for the witnesses and counsel to prepare while also giving the parties a better sense of who exactly they will call on exactly what day based on how the PI Hearing unfolds. Under the Court's default rules, Compass will be forced to rest its case if it runs out of witnesses on a particular hearing day; Compass thus must have the most up-to-date information available in order to avoid such penalties. Moreover, Zillow knows the full set of witnesses Compass may call live at the PI Hearing, and Zillow undoubtedly will be preparing for each of those examinations well before these final disclosures occur.

---

[3] Compass is also wrong to suggest that its own expert's report does not contain opposing party admissions or statements. *See Kreppel v. Guttman Breast Diagnostic Inst., Inc.*, 1999 WL 1243891, at *2 (S.D.N.Y. Dec. 21, 1999) (party's "retention and listing of [expert] as its witness in this case is properly viewed as an adoption of or acquiescence in those opinions" under FRE 801(d)(2)(B)).

The Honorable Jeannette A. Vargas
November 7, 2025
Page 9

Plaintiff is amenable to disclosing in good faith the witnesses and witness order two days before those witnesses intend to be called, but only if Plaintiff has the right to change the selection by providing reasonable notice.

*Exhibits*

The Court should conclude that the parties need only provide the exhibits they intend to use with a witness at the beginning of that witness's examination. This approach dovetails with Compass's approach to the admissibility of exhibits, as there will be no need to share the exhibits in advance for the purposes of raising objections. Moreover, given the hearing's length, providing the exhibits as the witness is seated allows both parties flexibility in tailoring the exhibit set to the presentation the Court has already heard. This approach, moreover, is particularly important as Compass intends to call several Zillow executives in Compass's case in chief. Compass should not be required to Give Zillow a roadmap of the expected examination days before the witness is seated. Moreover, the PI Hearing is scheduled for four days in total. Two days' notice means that Compass will essentially need to disclose the exhibits it plans to use with each witness before the start of trial. That Compass proceeds first—and must call Zillow's witnesses to introduce evidence of Zillow's antitrust violations—should not prejudice how Compass cross examines adverse witnesses or presents its case. Finally, Zillow's approach would unduly burden Compass in its preparation and presentation of its case and limit Compass's flexibility in addressing Zillow's case.[4]

Zillow argues that exhibits must be disclosed *two days* in advance of the witness's examination, well before the final set of exhibits to be used with the witness even may be determined. Zillow's approach would, again, favor Zillow at Compass's expense. Such pre-disclosure is of a piece with Zillow's general efforts described above. Indeed, most of Zillow's concerns regarding not knowing which documents to use to prepare its witnesses would be resolved by adopting the cap requested by the Plaintiff. Zillow has seen Compass's exhibit list—and they know that no individual witness is tied to, or may be asked to testify about, "hundreds" of exhibits. Any suggestion to the contrary is unfortunate. If the Court, moreover, adopts Plaintiff's all-in approach to exhibit admissibility, then Zillow's concern regarding evaluating admissibility on the fly, would be resolved.

*Demonstrative Aids*

Compass has no objections to exchanging demonstrative aids with Zillow one day before those aids are used, as Zillow requests. Compass asks the Court not to define slide-deck presentations—either used during opening or with experts—as demonstratives. These materials,

---

[4] Moreover, Zillow has represented that its proposed exchange requirement would not be equally applicable to Zillow. Zillow demanded that Compass share exhibits for Compass's own witnesses and the Zillow witnesses that Compass will call adversely in Compass's case in chief. But Zillow's position is that Zillow would not be obligated to share the exhibits that Zillow intends to use with its own witnesses during those same examinations, which will be Zillow's direct examinations and undoubtedly go beyond the scope of Compass's initial examinations of those Zillow witnesses.

The Honorable Jeannette A. Vargas
November 7, 2025
Page 10

which often outline the parties' theories, cite caselaw, and cite and quote evidence, reveal much of each party's strategy that the parties should be able to develop and polish until the day they are to be used in court. Accordingly, Compass proposes that the parties exchange opening statements and expert slides on the morning they are to be used.

*Confidentiality Designations*

For confidentiality designations, Plaintiff believes they should be narrowed substantially before the PI Hearing begins. Plaintiff proposes that all documents identified by either party should be presumptively public, with the party seeking to seal having the burden to do so during the week of November 10, before the PI Hearing begins. This request is consistent with, and works in tandem to, the requested cap on permitted exhibits.

The issues in this matter are vital to the real estate industry and public at large and should be presented in open court. Indeed, Plaintiff intends to seal very few of its own exhibits in this matter. And Compass does not believe that Zillow has a reasonable basis to seal the vast majority of its exhibits. Accordingly, Plaintiff proposes a schedule by which (i) the designating party identifies any material on either exhibit list it seeks to keep confidential, (ii) the receiving party then objects, and (iii) the designating party then maintains or withdraws the at-issue designations. Any designations for which the parties remain at an impasse then will be presented to the Court, in writing, before the hearing starts, or at the Court's convenience.

Zillow's claims of burden and prejudice are unavailing, are a product of its 475-document exhibit list, and should not be heard. Compass will be subjected to the same process, and both parties by this point are familiar with the documents at issue in this case and should know the type of information giving rise to legitimate confidentiality concerns.

      b.  <u>Defendants' Position</u>

Zillow proposes that the parties disclose exhibits at the same time that they disclose the witnesses they intend to call—two days before a witness's direct examination—whether that examination is friendly or adverse. Zillow further proposes that demonstrative aids (including PowerPoint presentations) should be disclosed one day in advance.

*Witnesses*

Witnesses and witness order should be disclosed two days before those witnesses are called. This allows time for the witnesses and counsel to prepare for the hearing in an orderly way. That is particularly so when Compass has stated that it intends to call all of Zillow's witnesses adversely during Compass's case-in-chief. These witnesses are senior executives, and it is important to provide reasonable notice of when they will testify.

*Exhibits*

Zillow's proposal gives effect to the Court's rule that "[i]n advance of each hearing or trial session, counsel for the party going forward at that session should inform opposing counsel

The Honorable Jeannette A. Vargas
November 7, 2025
Page 11

of the exhibits counsel intends to introduce at the session," so that "objections to an exhibit" may be made "before the opening of the session." Individual Rules and Practices for Hearings and Trials § 3.E. Compass proposes to disclose exhibits "at the beginning of that witness's examination." This would leave the parties with *no* way of determining which of the hundreds of exhibits might be used on a given day, and *no* time to consider or raise confidentiality issues or objections in advance of the examination. While the Court's standing order indicates the exchange should occur one day before a witness testifies, that standing order also requires a pre-hearing exchange of objections to all exhibits on the exhibit list. Zillow has proposed streamlining objections to only those proposed to be used, and the extra day of disclosure permits the parties to engage in an orderly exchange and discussion of any objections as well as confidentiality and sealing concerns.

Compass argues that because it intends to call all of Zillow's witnesses adversely in Compass's case-in-chief, it would be unfair to apply the Court's normal procedure. Not so. If Compass does not want to disclose exhibits in that circumstance, it can simply choose not to call all of Zillow's fact witnesses adversely.[5] In any event, this does not explain Compass's refusal to disclose exhibits in advance even for its own non-adverse witnesses.

*Demonstrative Aids*

Zillow's proposal is that the parties should comply with the Court's existing rule: "If counsel intends to use demonstrative aids (including PowerPoint presentations) during opening statements or during the examination of any witness, the aids should be furnished to opposing counsel at least one day in advance of their use." *Id.* § 3.H. Compass's proposal to exclude "PowerPoint presentations" from the Court's disclosure rule is not workable (nor is it clear what distinction Compass is drawing between slides and other demonstratives). The parties will need time to assess confidentiality and other issues as to any information included with the opposing party's slides, such as for opening statements and expert witnesses.

Compass's apparent desire to conduct a hearing by surprise is no reason to abandon this Court's orderly and efficient procedures for the exchange of demonstratives and presentation slides. Moreover, Zillow's proposal would be neutrally applied to both parties.

*Confidentiality and Sealing*

Zillow does not object to participating in a process to de-designate documents for disclosure in Court, but the schedule proposed by Compass is not feasible, nor is there any basis for Compass's proposal that all exhibits on either party's exhibit list be presumptively public. Under Compass's proposal, Zillow would have to re-review hundreds of pages of exhibits that Compass will never have time to use in open Court and identify specific portions of documents

---

[5] Should the Court require, Zillow is amenable to disclosing, one day in advance, the exhibits it expects to use during friendly cross with Zillow-aligned witnesses (if Compass discloses two days in advance the Zillow witnesses it will call adversely and the exhibits Compass intends to use with those exhibits).

The Honorable Jeannette A. Vargas
November 7, 2025
Page 12

that are appropriate for public disclosure by Tuesday (the day after the Court's conference on Nov. 10). Then, by Friday (Nov. 14), Zillow would have to brief its basis for sealing each document. Compass's proposal that all proposed exhibits—whether or not admitted or used—are presumed public appears to be designed to distract Zillow from preparing for the hearing, to allow Compass executives to access Zillow's highly confidential business strategy documents, and mire the parties in unnecessary disputes about the confidentiality of documents that may never be used in Court. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) (documents "not yet admitted" are not "a traditionally public source of information"); *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (there is only a right of public access if the documents are "relevant to the performance of the judicial function and useful in the judicial process").

Zillow submits that it would be more efficient and practical for Compass to first identify the exhibits it actually intends to use in Court (two days before they will be used) and for Zillow to then provide narrowly targeted sealing requests.

V. **Deposition Testimony**

 a. Plaintiff's Position[6]

As described above, Plaintiff proposes two limitations on the submission of deposition testimony. First, a party may only submit deposition testimony for third-party witnesses or opposing-party witnesses; a party cannot submit deposition testimony from its own employee, executive, or other individual within the party's control. Second, a party may not submit the deposition testimony of any witness who testifies live at trial, other than for the purpose of impeachment.

Plaintiff's proposal seeks to create a streamlined and efficient presentation of the evidence by ensuring that a witness's testimony, when given live, makes up that witness's testimonial record for the PI Hearing. Admitting additional deposition testimony of witnesses who testify live will needlessly complicate the proceeding by necessitating counter designations by the non-submitting party and creating confusing, overlapping testimony. Zillow's position that the deposition of an opposing party's party witness is admissible, while generally true, misses the point. Courts may use their discretion to avoid such circumstances when the witnesses testify live in court. *See, e.g.*, *United States v. EES Coke Battery*, No. 22-11191, 2025 WL 2623431, at *8 (E.D. Mich. Sept. 11, 2025) (excluding deposition testimony of an opposing party's party witnesses on the grounds that those witnesses were available to or would be testifying live). Moreover, permitting admission of the witness-on-the-stand's deposition testimony would handicap Compass by preventing the witness from addressing the deposition testimony in question. Indeed, that is especially true here—where counsel knew these witnesses would be available to testify live and thus did not redirect the witnesses during expedited discovery. Moreover, Zillow concedes its ultimate strategy in this letter: dump pages of

---

[6] Plaintiff notes that Zillow has refused to voluntarily produce Mr. Frink for live testimony at the PI Hearing. Plaintiff reserves all rights in connection with attempting to compel Mr. Frink to testify live should Plaintiff seek to do so.

deposition testimony on the docket as sealed exhibits to its pre-hearing brief—after Compass has already filed its brief so it cannot respond in kind—and then rely on that buried testimony in post-hearing submissions or on appeal despite the testimony never being elicited live before the Court. The Court should reject this strategy.

      b. <u>Defendants' Position</u>[7]

Zillow proposes to follow FRCP 32 for the use of deposition testimony, without further restrictions. Compass's first proposed restriction on party-affiliated depositions is overbroad because it would prevent a party from submitting deposition testimony of a witness who is unavailable (FRCP 32(a)(4)) as well as counter-designations "that in fairness should be considered with the part introduced" by the adverse party (FRCP 32(a)(6)). Compass's second proposed limitation on using depositions for impeachment only is unworkable because the testimony of an opposing party's witness may be used "for any purpose," including in support of a motion. FRCP 32(a)(3). Compass's reliance on out-of-circuit authority conflicts with decisions in this Court. *Ornrat Keawsri v. Ramen-Ya Inc.*, 2022 U.S. Dist. LEXIS 116962, *4 (S.D.N.Y. July 1, 2022) (rejecting "sole argument . . . that the witnesses whose deposition testimony will be offered will also be live witnesses" because "regardless of her status when her deposition was first taken, [individual was] now a party, and the adverse party can use the depositions against her"). Compass has not identified any reason why the Court should not be able to consider on a PI Motion deposition testimony of Compass's senior executives that Zillow could use at trial *for any purpose*, regardless of whether or not the witness testifies.

Moreover, given the limited hearing time and breadth of issues in dispute, it is simply not feasible to re-elicit all relevant testimony during live examination at the hearing. Nor is such repetition an efficient use of the Court's time and resources. Zillow properly intends to rely on portions of Compass's depositions in its supplemental brief, which will help streamline witness examinations for the hearing.

**VI. <u>Allocation of Time</u>**

      a. <u>Plaintiff's Position</u>

Plaintiff requests 60% of the time at the PI Hearing because it has the burden of proof on several issues: its ultimate Sherman Act claims and the three additional elements required to sustain a preliminary injunction. Zillow's argument that it must rebut each point Compass makes to prevail in defending Plaintiff's motion is untrue as a matter of law. Similarly, Zillow cites no authority to support its suggestion that Compass's proposed allocation would create due process concerns. Finally, at every turn Zillow proposes approaches that will slow the admissibility of evidence, unnecessarily distract in-hearing testimony, or limit the scope of Plaintiff's presentation. Should the Court adopt any of the Zillow's approaches, additional time for the Plaintiff should be permitted to minimize the prejudice.

---

[7] Compass has not identified any basis to compel Mr. Frink—an out-of-state witness who is outside the scope of Rule 45(c)(1)—to appear in-person.

The Honorable Jeannette A. Vargas
November 7, 2025
Page 14

      b. <u>Defendants' Position</u>

    Zillow proposes that each side is allocated 50% of the time at the PI Hearing. Compass offers no basis and no authority to depart from the typical even split; the fact that Compass bears the burden to prove its claims, as all plaintiffs do, does not call for Compass to be afforded an unfair advantage at the hearing. *See FuboTV v. Disney.*, No. 24 Civ. 1363-MMG-JW (S.D.N.Y. July 19, 2024), Joint Pre-Hearing Stipulation, ECF No. 220 ¶ 4 ("Time at the PI Hearing shall be divided evenly"); *FTC v. Tapestry, Inc.*, No. 24 Civ. 3109-JLR (S.D.N.Y. Apr. 29, 2024), Case Management and Scheduling Order, ECF No. 71 at 1 (setting a preliminary injunction "hearing of twenty (20) hours per side"). Further, there are issues for which Zillow has the initial burden, such as to proffer procompetitive effects from Zillow's conduct under the rule of reason. Compass's proposal to receive three minutes for every two allocated to Defendants would hamper Zillow's ability to respond to significant portions of Compass's evidence and risks impairing Zillow's due process rights. Zillow must have the opportunity to rebut each of the points Compass makes at the hearing, not just some of them.

    Counsel for the Parties:

| | |
|---|---|
| /s/ Chahira Solh | /s/ Bonnie Lau |
| Chahira Solh (admitted pro hac vice) | Bonnie Lau (admitted pro hac vice) |
| Daniel A. Sasse (admitted pro hac vice) | WILSON SONSINI GOODRICH & |
| CROWELL & MORING LLP | ROSATI, P.C. |
| 3 Park Plaza, 20th Floor | One Market Plaza |
| Irvine, CA 92614 | Spear Tower, Suite 3300 |
| Telephone: (949) 263-8400 | San Francisco, CA 94105 |
| csolh@crowell.com | Telephone: 415-947-2414 |
| dsasse@crowell.com | blau@wsgr.com |
| | |
| Kenneth Dintzer (NY Bar No. 2476687) | Beau Buffier (NY Bar No. 3932050) |
| (admitted pro hac vice) | WILSON SONSINI GOODRICH & |
| CROWELL & MORING LLP | ROSATI, P.C. |
| 1001 Pennsylvania Avenue, NW | 1301 Avenue of the Americas, 40th Floor |
| Washington, DC 20004 | New York, NY 10019-6022 |
| Telephone: (202) 624-2500 | Telephone: (212) 974-5800 |
| kdintzer@crowell.com | bbuffier@wsgr.com |
| | |
| Luke Taeschler (NY Bar No. 5308325) | Eric P. Tuttle (admitted pro hac vice) |
| CROWELL & MORING LLP | Nicholas R. Sidney (admitted pro hac vice) |
| Two Manhattan West | WILSON SONSINI GOODRICH & |
| 375 Ninth Avenue | ROSATI, P.C. |
| New York, NY 10001 | 701 Fifth Avenue, Suite 5100 |
| Telephone: (212) 223-4000 | Seattle, WA 98104 |
| ltaeschler@crowell.com | Telephone: (206) 883-2513 |
| | eric.tuttle@wsgr.com |

The Honorable Jeannette A. Vargas
November 7, 2025
Page 15

*Attorneys for Plaintiff Compass, Inc.*

nsidney@wsgr.com

*Attorneys for Defendants Zillow, Inc., Zillow Group, Inc., and Trulia, LLC*

15