

November 13, 2025

**<u>VIA CM/ECF</u>**

**MEMO ENDORSED**

The Honorable Jeannette A. Vargas
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: ***Compass, Inc. v. Zillow, Inc. et al*, Case No. 1:25-cv-05201 (S.D.N.Y.)**

Dear Judge Vargas:

Plaintiff Compass, Inc. ("Compass") respectfully requests that the Court order that certain executives of Compass and of Defendants Zillow, Inc., Zillow Group, Inc., and Trulia, LLC (collectively, "Zillow") be allowed to access allegedly confidential documents and testimony that have been identified by the Parties as likely to be used during the upcoming preliminary injunction hearing unless the producing party moves the court to seal those documents by noon on Friday. This is essential to allow Compass to prepare for the upcoming hearing, as currently Compass's executives (including its Chief Legal Officer) cannot access the vast majority of the critical Zillow documents Compass has identified as likely to be used during the hearing due to Zillow's confidentiality over-designations and refusal to even meet and confer regarding the confidentiality designations.

As the Court told the Parties on November 10, the upcoming hearing will be public and the standard to keep anything from the public view is high. *See* November 10, 2025 Hr'g Tr. at 20:6-21:17. Zillow claimed a purported inability to review a few dozen documents for confidentiality, *id.* at 18:2-11, even though producing parties carry the burden of defending the confidentiality of their documents, *see Lachica v. City of New York*, 94 CIV. 7379 (LAK), 1995 WL 77928, at *1 (S.D.N.Y. Feb. 23, 1995) (stating that "the party seeking to maintain confidential treatment" for a document carries the burden of establishing good cause for the continuation of that confidential treatment). Thus, the Court ordered a process for objections to public access of documents and testimony based in part on those representations whereby the Parties would file briefing regarding whether documents needed to be sealed from the public by November 15, 2025. *See* November 10, 2025 Hr'g Tr. at 20:6-21:17.

The Court's order, however, did not cover a different, critical issue: that a party cannot adequately help prepare for a hearing or trial when its key executives and Chief Legal Officer are unable to review the vast majority of documents crucial to the party's case. Compass had believed that the Parties would be able to quickly resolve this issue by meeting and conferring and quickly de-designating or downgrading levels of confidentiality so that each Party's respective teams could review documents in preparation for the hearing. That, however, is not how Zillow has responded.



The Honorable Jeannette A. Vargas
November 13, 2025
Page

On November 11, 2025, Compass sent counsel for Zillow a letter identifying 43 Zillow documents that Compass may use during the upcoming hearing. Exh. A. 38 of the documents were designated by Zillow as Highly Confidential – Outside Counsel's Eyes Only and 5 were designated by Zillow as Highly Confidential – Attorneys' Eyes Only. Compass also asked Zillow to provide times where Zillow was able to meet and confer regarding the 43 documents, and offered 6:30 pm ET on November 12, 2025 as a time that might work. *See* Exh. B. Zillow refused to provide times that it was able to meet and confer, instead stating that "we will meet and confer later this week after we and our client have had an opportunity to review the documents." *Id.* Zillow also refused to engage whatsoever regarding the confidentiality designations, stating that it would be maintaining the confidentiality level of all documents "unless and until a document is used in open court." Exh. B. On November 12, 2025, Compass sent Zillow as a comprise a shortened list of documents that it wanted to show its executives and Chief Legal Officer. *Id.* Zillow again rejected the proposal and refused to provide times when it was available to meet and confer. *Id.*

Even with the Court's order that it will consider confidentiality disputes submitted on November 15, Zillow's unreasonable stance that documents will not be de-designated before the hearing means Compass's executives cannot help prepare for the hearing—as is their right—until essentially the day before the hearing begins. *See Prate v. Freedman*, 583 F.2d 42, 48 (2d Cir. 1978) (recognizing that "the client retains ultimate authority over the conduct of litigation").

Despite Compass's immediate outreach and desire to work productively to come to a solution that satisfies the First Amendment right to public access to court documents, Zillow has not agreed even to meet and confer with Compass regarding whether they will maintain their confidentiality designations for documents identified as likely exhibits at the upcoming hearing and has said that it would be maintaining the confidentiality level of all documents "unless and until a document is used in open court." *See* Exh. B. The Court already rejected that position during the November 10 hearing. *See* November 10, 2025 Hr'g Tr. at 15:4-14 (stating that confidentiality issues needed to be teed up in advance and that the Court would not be "wasting our precious days of testimony time dealing with confidentiality concerns.").

Zillow's repeated insistence that its process is the only process will unfairly prejudice Compass's ability to prepare for the hearing. This problem is in large part because Zillow has significantly over-designated its documents regarding confidentiality. As noted above, 38 of the 43 Zillow documents that Compass identified as likely to be used at the upcoming hearing have been designated by Zillow at the highest level of confidentiality, Highly Confidential – Outside Counsel's Eyes Only, and 5 have been designated by Zillow as Highly Confidential – Attorneys' Eyes Only. A large number of the documents on their face do not meet the criteria for their designated confidentiality level. *See Lachica v. City of New York*, 94 CIV. 7379 (LAK), 1995 WL 77928, at *1 (S.D.N.Y. Feb. 23, 1995) (stating that "the party seeking to maintain confidential treatment" for a document carries the burden of establishing good cause for the continuation of that confidential treatment). For example, PX-007 is a single text message, the contents of which are entirely one individual listing to the message recipient the times they are

The Honorable Jeannette A. Vargas
November 13, 2025
Page

available for a phone call. See ECF No. 114-8. Zillow designated this text message as Highly Confidential – Attorneys' Eyes Only. Id. Another example is PX-056, which is a letter discussing certain statistics regarding Zillow's enforcement of its Zillow Listing Access Standards. See ECF No. 114-30. Zillow marked this document as Highly Confidential – Outside Counsel's Eyes Only, id., even though this document does not contain any competitively sensitive material. Indeed, Zillow has been openly publishing statistics regarding its enforcement of the Zillow Listing Access Standards. See ECF No. 111-1.

Compass therefore respectfully requests that the Court order that unless Zillow files a motion to seal before noon ET on November 14, Compass's Chief Legal Officer, Ethan Glass, can access any Zillow document that Compass has identified as likely to be used at the upcoming hearing. As an attorney, Mr. Glass is bound by the Court's rules as well as the legal rules of professional responsibility of the State Bar of California and the D.C. Bar. The Protective Order (ECF No. 49) would otherwise apply to those documents.

Respectfully submitted,

/s/ Chahira Solh
Chahira Solh (admitted pro hac vice)
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614
Telephone: (949) 263-8400
csolh@crowell.com
Counsel for Compass, Inc.

Plaintiff's request regarding Mr. Ethan Glass is granted. Unless Defendants' file a motion to seal before 12:00 PM EST on November 14, 2025, Mr. Glass is granted permission to access any Zillow document that Plaintiff has identified as likely to be used at the upcoming hearing after **1:00 PM EST** on **November 14, 2025**. To be clear, Mr. Glass may not access those documents until **1:00 PM EST** on **November 14, 2025**, and only if Defendants have not filed a motion to seal prior to that date and time.

Dated: November 13, 2025

JEANNETTE A. VARGAS
UNITED STATES DISTRICT JUDGE