

**Chahira Solh**
CSolh@crowell.com
(949) 798-1367  direct

Crowell & Moring LLP
3 Park Plaza
20th Floor
Irvine, CA 92614
+1.949.263.8400  main
+1.949.263.8414  fax

November 15, 2025

**VIA ECF**
The Honorable Jeannette A. Vargas
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:     *Compass, Inc. v. Zillow, Inc., et al.*; Case No: 1:25-cv-05201-JAV (S.D.N.Y.)

Dear Judge Vargas:

Pursuant to the Court's November 13 order and Local Rule 7.1, Compass submits this letter motion to redact confidential and competitively sensitive portions of only ten Compass documents that Zillow has stated it may use at the preliminary injunction ("PI") hearing. On November 14, 2025, Compass and Zillow met and conferred regarding Compass's proposed redactions. Zillow's position is as follows: Zillow has not had an opportunity to review Compass's sealing motion because Compass did not provide a copy prior to filing. Zillow expects to respond on Sunday.

**I.     Background**

Pursuant to the Court's instructions during the status conference, on November 11, 2025, Zillow informed Compass that it may use 48 documents at the hearing that Compass had designated as Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Outside Counsel Eyes' Only under the Protective Order. ECF No. 49. Compass informed Zillow that it would de-designate all but ten documents on Zillow's list, and Compass provided Zillow with copies of those ten documents with Compass's proposed redactions.

**II.    Argument**

Compass moves to seal certain highlighted portions of the exhibits it has submitted alongside this motion pursuant to Your Honor's Individual Rules of Practice § 10. Compass submits the Declaration of Timothea Letson ("Letson Declaration") explaining the sensitive nature of each document.

"Notwithstanding the presumption of access under both the common law and the First Amendment, [court] documents may be kept under seal if 'countervailing factors'" so demand. *Lugosch v. Pyramid Co.*, 435 F.3d 110, 124 (2d Cir. 2006). When evaluating a motion to seal, a "court must determine: (1) whether the document subject to a sealing request qualifies as a

judicial document; (2) the weight of the presumption of public access attaching to that judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to that judicial document." *SEC v. Telegram Grp., Inc.*, No. 19-cv-9439 (PKC), 2020 WL 3264264, at *1 (S.D.N.Y. June 17, 2020) (citing *Lugosch*, 435 F.3d at 119-20).

Compass seeks leave to redact the following categories of confidential information:

### A.     Compass's Competitively Sensitive Prospective Business Strategy and Financial Information

It is common for courts to seal documents that are "sources of business information that might harm a litigant's competitive standing." *Iacovacci v. Brevet Holdings, LLC*, No. 1:18-CV-08048-MKV, 2022 WL 101907, at *2 (S.D.N.Y. Jan. 11, 2022); *see Kewazinga Corp. v. Microsoft Corp.*, No. 18 Civ. 4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard.")

As explained in the Solh Declaration, Compass seeks to partially redact three documents that contain forward-looking and competitively sensitive business strategy and financial information. *See, e.g.*, DX018; DX165; DX175; Letson Decl. ¶ 3. These documents are slide decks that were prepared for Compass's Board of Directors. Compass does not publicize this information and if disclosed, competitors would gain an unfair advantage over Compass by exploiting such information when competing with Compass in the marketplace. Letson Decl. ¶ 4. Compass thus proposes to redact and keep sealed those portions.

Compass has agreed to leave unredacted all slides that Zillow may potentially use with Compass's witnesses. Therefore, the information that Compass is seeking to redact is not relevant for purposes of this litigation and will not impede Zillow's ability to examine Compass's witnesses.

### B.     Sensitive Personal Information Relating to Non-Party Agent Witness

"Personal and financial information implicate 'significant privacy interests' that overcome the strong presumption of public access." *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, No. 20 CIV. 10832 (AT), 2023 WL 3477552, at *3 (S.D.N.Y. May 16, 2023). This is especially true when the information relates to a non-party. *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)) ("[P]rivacy interests of innocent third parties ... should weigh heavily in a court's balancing equation.")

Here, Compass seeks to partially redact certain agreements between Compass and the non-party agent witness that will testify at the hearing. *See* DX272; DX273; Letson Decl. ¶¶ 3, 5. These portions of the documents contain sensitive personal financial information. As a non-party, the agent's personal financial information is irrelevant and this information should remain under seal.



### C. Email Addresses, Physical Addresses, and Other Personally Identifiable Information That is Immaterial to the PI Motion.

Courts have sealed individual "home addresses, phone numbers, and banking information" reasoning that such information was "personal identification and financial information" under Federal Rule of Civil Procedure 5.2. *Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*, No. 19 CIV. 9193 (PGG), 2024 WL 5076424, at *2 (S.D.N.Y. Dec. 11, 2024).

Compass seeks to seal non-public physical addresses, email addresses, as well as other personally identifiable information, which is irrelevant for purposes of this litigation. *See* DX 265; DX268 DX269; DX270; DX658; Letson Decl. ¶¶ 6-7.

### D. Proposal to Avoid Sealing the Courtroom

Compass requests that unredacted versions of the documents identified in the Letson Declaration be published only to counsel, the witness, and the Court, rather than to the gallery, and that the confidential portions be redacted from public view.

*       *       *

For the foregoing reasons, Compass respectfully requests that the Court grant Compass's motion.

Sincerely,

*/s/ Chahira Solh*
Chahira Solh (admitted *pro hac vice*)
CROWELL & MORING LLP
*Attorneys for Defendant Compass, Inc.*