**WILSON SONSINI**

Bonnie Lau
blau@wsgr.com
O: 415-947-2000

Wilson Sonsini Goodrich & Rosati
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105-1126

**VIA ECF**                                November 16, 2025

The Honorable Jeannette A. Vargas
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, New York, NY 10007

Re:    *Compass, Inc. v. Zillow, Inc. et al*, Case No. 1:25-cv-05201-JAV (S.D.N.Y.)

Dear Judge Vargas:

Defendants Zillow, Inc., Zillow Group, Inc., and Trulia LLC (collectively "Zillow") write in response to Plaintiff Compass Inc.'s ("Compass") Letter Motion to Seal (Dkt. 135) ("Motion"). While Zillow ultimately does not object to Compass's Motion, Zillow notes that Compass takes several inconsistent positions when seeking to seal its own documents versus Zillow's. *See generally* Nov. 16, 2025 Joint Letter (Dkt. 136) ("Joint Letter").

First, Compass argued that three of Zillow's documents (PX-010, PX-015, and PX-020) should not be sealed because "these exhibits are over five months old and discuss a policy that *was adopted months ago*." Joint Letter at 2. However, Compass's Motion incongruously seeks to seal internal documents that are at least as old: DX175 (dated April 2024); DX018 (dated April 2025); DX165 (dated July 2025).

Second, Compass argued that Zillow's exhibits should not be sealed because the "exhibits go directly to the disputed issues" and "contain highly relevant information, language, and terminology." Joint Letter at 2. While Zillow disputes that characterization, *id*. at 5–6, Zillow observes that portions of the documents that Compass seeks to seal repeatedly discuss both Zillow's Listing Access Standards and Compass's 3-Phase Marketing Strategy ("3PM). *See, e.g.,* DX018 at '614 (discussing the Standards), '616 (similar), '617 (possible responses to Zillow), 619–'625 (analyzing value of 3PM), '630 ("Portal competitive landscape"); DX165 at '070 (adoption update for 3PM); DX175 at '347 (discussing Zillow).

Third, Compass argued that PX-010, PX-015, and PX-020 should not be sealed because the "documents are conceptual and lack any specific figures, projections, pricing, trade secrets, or other highly sensitive and actionable competitive intelligence." Joint Letter at 3. While that mischaracterizes Zillow's documents, *id*. at 5–6, that accurately describes many pages that Compass seeks to seal. *See, e.g.*, DX018 at'604, '608 (agenda slides); DX165 at '047, '048 (market conditions), '078, '079, '081 (high-level technology opportunities), '082 (high-level strategy), '080, '083 (agenda slides), '084, '088 –'090, '094–'097 (high-level product discussion); DX175 at '338 (agenda slide).

At bottom, there is no reason Compass's interpretation of how to apply the *Lugosch* factors to its documents should not also apply to Zillow's documents. The Court should apply the factors similarly to both sets of documents.

**WILSON SONSINI**

Hon. Jeannette Vargas
November 16, 2025

                                              Sincerely,

                                              */s/ Bonnie Lau*
                                              Bonnie Lau (admitted pro hac vice)
                                              Beau Buffier (NY Bar No. 3932050)
                                              Eric P. Tuttle (admitted pro hac vice)
                                              Nicholas R. Sidney (admitted pro hac vice)
                                              WILSON SONSINI GOODRICH & ROSATI, P.C.
                                              *Attorneys for Defendants Zillow, Inc., Zillow Group, Inc., and Trulia, LLC*

**WILSON SONSINI**

Hon. Jeannette Vargas
November 16, 2025

## SIGNATURE ATTESTATION

I, Nicholas R. Sidney, am the ECF user whose ID and password are being used to file this document. I hereby attest that the concurrence in the filing of this document has been obtained from the other signatory.

By: */s/ Nicholas R. Sidney*
Nicholas R. Sidney