UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
COMPASS, INC.,                                                          :
:
                              Plaintiff,          :
:        25-CV-05201 (JAV)
        -v-                                                            :
:        <u>ORDER</u>
ZILLOW, INC., ZILLOW GROUP, INC., and TRULIA,  :
LLC,                                                                    :
:
                            Defendants.         :
:
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

       On November 16, 2025, Plaintiff filed a motion for permission to redact certain commercially sensitive and personal information in ten documents—DX018, DX165, DX175, DX265, DX268, DX269, DX270, DX272, DX273, and DX658—that Defendant may use at the preliminary injunction ("PI") hearing. Plaintiff's motion is GRANTED.

       Plaintiffs have made a sufficient showing that the information that they seek to seal, concerning those ten documents qualifies as either confidential business information or personal and financial information. Concerning the information Plaintiff seeks to seal in DX018, DX165, and DX175, Plaintiff has shown that information to be material to Plaintiff's competitive position in the market and could potentially inflict "significant competitive disadvantage" on Plaintiff through disclosure. *Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (internal quotation marks omitted). Concerning the information Plaintiff seeks to seal in DX265, DX268, DX269, DX270, DX272, DX273, and DX658, Plaintiff has shown that information to be personal and financial information "implicating significant privacy interests that overcome the strong presumption of public access." *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, No. 20-CV-10832 (AT), 2023 WL 3477552, at *3 (S.D.N.Y. May 16, 2023) (cleaned up). The Court therefore finds that, in this instance, the "interest in protecting confidential business information [and personal and financial information] outweighs the qualified First Amendment presumption of public access." *Standard Inv. Chartered, Inc.*, 347 F. App'x at 617 (internal citations and quotation marks omitted).

       The Clerk of Court is directed to terminate ECF No. 135.

       SO ORDERED.

Dated: November 18, 2025
       New York, New York                      _____
                                                JEANNETTE A. VARGAS
                                                United States District Judge