# EXHIBIT DX658

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMPASS, INC., | Case No. 1:25-cv-05201-JAV |
| *Plaintiff,* | Hon. Jeannette A. Vargas |
| *v.* | |
| ZILLOW, INC., ZILLOW GROUP, INC., and TRULIA, LLC | |
| *Defendants.* | |

## PLAINTIFF'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Compass, Inc. ("Compass") submits the following supplemental responses and objections to the First Set of Interrogatories (the "Interrogatories," and individually, the "Interrogatory") served on Compass on July 12, 2025 by Defendants Zillow, Inc., Zillow Group, Inc., and Trulia, LLC (collectively, "Zillow," and together with Compass, the "Parties"). These objections and responses are based upon information currently known by Compass to the best of its knowledge. Compass reserves the right to supplement, modify, amend, or change its objections and any future responses as it deems necessary and appropriate.

## PRELIMINARY STATEMENT

Compass's objections and responses to the Interrogatories are based upon information presently known to Compass, during this brief period of limited and expedited discovery. Compass reserves the right to rely on any facts, documents, or other evidence that may develop or subsequently come to its attention, to assert additional objections, and to supplement or amend



these objections and responses. Compass also reserves the right to object to the further discovery of any document and/or information.

No incidental or implied admissions are intended by any of Compass's objections and responses. Compass's objections and responses are made here solely for the purposes of discovery in the above-captioned action.

Compass's objections are made expressly subject to, and without waiver of, any additional objections as to competency, relevancy, materiality, privilege or admissibility in any proceeding. The objections are made subject to Compass's right to object at any proceeding involving or relating to the subject matter of the Interrogatories responded to herein.

## GENERAL OBJECTIONS

Compass asserts the following General Objections to the Interrogatories, which are incorporated by reference into each specific response below as if fully set forth therein:

1.      Compass objects to each and every Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it calls for information not in the possession, custody, or control of Compass; to the extent that it requires Compass to compile or prepare information that is not maintained in the ordinary course of business; and to the extent that it requires Compass to conduct an unreasonable or unduly burdensome search that is disproportionate to the needs of the case to locate responsive information.

2.      Compass objects to each and every Interrogatory to the extent it seeks information that would be more convenient, less burdensome, or less expensive to obtain from another source compared to obtaining the information from Compass.

**HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY**

3.      Compass objects to each and every Interrogatory to the extent it seeks information equally or more readily available to Zillow through public sources or is already in Zillow's possession, custody, or control.

4.      Compass objects to each and every Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity, or protective doctrine. Such information will not be produced. The provision of any such information is therefore inadvertent and not a waiver of any applicable protection against disclosure.

5.      Compass objects to each and every Interrogatory to the extent it calls for the disclosure of information constituting trade secrets or proprietary, sensitive, or other confidential business information. Compass will only provide such information subject to the Protective Order governing the above-captioned case, ECF No. 49 (the "Protective Order").

6.      Compass objects to each and every Interrogatory to the extent it purports to require Compass to disclose information that would cause Compass to violate its contractual obligations to other parties to maintain the confidentiality of such information. Compass will only produce such information subject to the Protective Order.

7.      Compass objects to each and every Interrogatory to the extent it seeks to impose duties or obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of Practice in Civil Proceedings before the United States District Court for the Southern District of New York (the "Local Rules"), this Court's rules and orders, or any other applicable law or court order. Compass does not agree to undertake any obligations beyond those required by those rules. By providing these objections, Compass does not in any way waive or intend to waive any objections on any ground to the use of any information

3

**HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY**

provided by Compass in any subsequent proceedings, including any other lawsuits or proceedings; rather, Compass intends to preserve and is preserving all such objections.

8.      This matter is in its early stages, and Compass's investigation of the case is ongoing. Compass's objections are being made with the express understanding that Compass's investigation is ongoing and are based only upon the information and documentation that is presently available to and known to Compass. Compass reserves the right to modify these objections. Compass's objections should not be construed to prejudice Compass's right to conduct further investigation in this case or to limit Compass's use of any additional evidence that may be developed.

## OBJECTIONS TO DEFINITIONS

Compass asserts the following Objections to Definitions, which are incorporated by reference in each specific response as though set forth fully therein:

1.      Compass objects to the Definitions to the extent they purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific Interrogatory, on the grounds that such enlargement, expansion, or alteration renders the Interrogatory vague, ambiguous, unintelligible, unduly broad, and uncertain.

2.      Compass objects to the Definitions to the extent they enlarge, expand, or broaden in any way the "Uniform Definitions in Discovery Requests" set forth in Local Civil Rule 26.3, which explicitly prohibits parties seeking discovery from using "broader definitions or rules of construction than those set forth" in the Rule.

3.      Compass objects to the definition of "Document(s)" to the extent it exceeds or inconsistent with the Federal Rules of Civil Procedure or the Local Rules. Compass will construe requests for "Document(s)" as consistent the definition of "Document" in the Local Rules.

**HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY**

4.      Compass objects to the definitions of "Identify" with respect to a Person or with respect to a Document to the extent they exceed or are inconsistent with the Federal Rules of Civil Procedure or the Local Rules. Compass will construe the word "Identify" in any of the Interrogatories as consistent the definitions of "Identify" in the Local Rules.

5.      Compass objects to the definition of "You" and "Your" to the extent that they seek production of documents which are not in the possession, custody, or control of Compass. Compass further objects to the definition of "You" and "Your" as overbroad and unduly burdensome to the extent that it includes persons or entities other than Compass. Compass also objects to the definition of "You" and "Your" as vague and ambiguous with regard to the phrase "Persons acting or purporting to act on its behalf."

## OBJECTIONS TO INSTRUCTIONS

Compass asserts the following Objections to Instructions, which are incorporated by reference in each specific response as though set forth fully therein:

1.      Compass objects to the Instructions to the extent they purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific Interrogatory, on the grounds that such enlargement, expansion, or alteration renders the request vague, ambiguous, unintelligible, unduly broad, or uncertain.

2.      Compass objects to the Instructions to the extent they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity, or protective doctrine. Such information will not be produced. Any production thereof is inadvertent and not a waiver of any applicable protection against disclosure.

**HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY**

3.    Compass objects to the Instructions to the extent they call for the disclosure of information containing and/or information constituting trade secrets or proprietary, sensitive, or other confidential business information. Compass will only provide such information subject to the Protective Order.

4.    Compass objects to the Instructions to the extent they purport to require Compass to disclose information that would cause Compass to violate its contractual obligations to other parties to maintain the confidentiality of such information. Compass will only provide such information subject to the Protective Order.

5.    Compass objects to Instruction No. 1 to the extent that it purports to require information not relevant to the claims or defenses of either party and/or is not proportional to the needs of this case.

6.    Compass objects to Instruction Nos. 5 and 6 to the extent that they purport to enlarge, expand, or alter in any way Compass's obligations with regard to privileged information beyond what is required by the Federal Rules or the Local Rules.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

**Interrogatory No. 1**: Identify each of Your listings marketed using 3PM and for each such listing state: (i) whether You contend that the listing has been removed from or blocked by Zillow or any other home search platform due to the Listing Access Standards and, if so, the name of the platform; (ii) the MLS ID; (iii) the date the listing was blocked from each platform; (iv) the current status of the property, including whether the property has sold; and (v) all commissions received by, or agreed to be paid by or to, a Compass or an affiliated agent involved in the transaction.

Response to Interrogatory No. 1: Compass incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions described above as though fully stated below. Compass objects to this Interrogatory on the ground that it is vague and ambiguous, including with respect to the phrases "removed from or blocked," "current status," and "affiliated

agent." Compass further objects that this Interrogatory is vague and ambiguous with regard to the term "home search platform." Compass further objects that this Interrogatory is vague and ambiguous because it is internally inconsistent, including with regard to its use of "remove" and "block." Compass further objects to this Interrogatory as overbroad, compound, unduly burdensome, and not proportional to the needs of the case because the burden or expense of the proposed discovery outweighs its likely benefit, particularly to the extent it seeks information not relevant to issues raised by Compass's Motion for Preliminary Injunction, ECF No. 23 (the "PI Motion"), such as information about "all commissions" received by or agreed to be paid by to a Compass or an affiliated agent and information about listings marketed using 3PM that were not or have not to date been "remove[d]" or "blocke[d]" by a platform in the residential real estate online search market. Compass further objects that this Interrogatory seeks information that is in Zillow's custody, possession, or control or in the custody, possession, or control of another party. Compass further objects to the extent that this Request seeks information subject to the attorney-client privilege, protected from disclosure pursuant to the attorney work product doctrine, subject to any other privilege or immunity from discovery, or otherwise not properly subject to discovery. Compass further objects to this Interrogatory to the extent it seeks information which has previously been disclosed, is publicly available, or is already in Zillow's possession. Compass further directs Zillow to Compass's document productions in this matter which may include relevant information.

Compass further objects to this Interrogatory to the extent it seeks confidential or competitively sensitive business information, including but not limited to, confidential financial, proprietary, or trade secret information. Compass will only provide such information subject to the Protective Order.

7

**HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY**

Subject to and without waiver of the foregoing objections, Compass provides the following information in response to Interrogatory 1, as modified by agreement of the parties and as supplemented for the period of March 1, 2025 through October 15, 2025:

| Address of Listing | Platform Blocked From | MLS ID | Estimated Date Listing Blocked | Current Listing Status | Compass/ Affiliated Agent Commission |
|---|---|---|---|---|---|
| 902 T Street Northwest, Unit A, Washington, DC 20001 | Zillow | DCDC2215638 | 7/2/2025 | Active | 3% |
| 111 Canfield Hill Drive, Gaithersburg, MD 20878 | Zillow | DMC2186944 | 7/14/2025 | Sold | 2.5-3%* |
| 1709 Glastonberry Road, Potomac, MD 20854 | Zillow | MDMC2188298 | 7/14/2025 | Sold | 2.5-3%* |
| 125 Driscoll Way, Gaithersburg, MD 20878 | Zillow | MDMC2187068 | 7/14/2025 | Sold | 2.5-3%* |
| 1851 Columbia Rd NW, Unit 305, Washington, DC, 20009 | Zillow | DCDC2222824 | 7/16/2025 | Canceled | 2.5-3%* |
| 9927 Miles Stone Court, Vienna, VA 22181 | Zillow | VAFX2244256 | 7/22/2025 | Active | 2.5-3%* |
| 440 L Street Northwest, Unit 805, Washington, DC 20001 | Zillow | DCDC2226096 | 7/28/2025 | Withdrawn | 2.5-3%* |
| 1133 14th Street Northwest, Unit 802, Washington, DC 20005 | Zillow | DCDC2213078 | 8/6/25 | Active | 2.5-3%* |
| 5120 Wessling Lane, Bethesda, MD 20814 | Zillow | DMC2193884 | 8/11/25 | Active | 2.5-3%* |
| 1682 Irving Street Northwest, Unit 2, Washington, DC 20010 | Zillow | DCDC2210892 | 8/12/25 | Sold | 2.5-3%* |

**HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY**

| 115 Skyline Drive, Watchung, NJ 07069 | Zillow | N/A | 8/18/25 | Coming Soon | 2.5-3%* |
|---|---|---|---|---|---|
| 1816 13th St NW, Washington, DC 20009 | Zillow | DCDC2216230 | 8/25/25 | Active | 2.5-3%* |
| 3299 Sutton Place Northwest, Unit C, Washington, DC 20016 | Zillow | DCDC2204064 | 8/26/25 | Active | 2.5-3%* |
| 3206 5th Street Southeast, Washington, DC 20032 | Zillow | DCDC2215544 | 8/28/25 | Active Under Contract | 2.5-3%* |
| 10890 Symphony Park Drive, North Bethesda, MD 20852 | Zillow | DMC2196502 | 8/29/25 | Active | 2.5-3%* |
| 8109 Custer Rd, Bethesda, MD 20814 | Zillow | N/A | 8/29/25 | Coming Soon | 2.5-3%* |
| 12916 Vicar Woods Lane, Bowie, MD 20720 | Zillow | MDPG2164556 | 9/3/25 | Active | 2.5-3%* |
| 1652 Kalorama Road Northwest, Washington, DC 20009 | Zillow | DCDC2214162 | 9/3/25 | Active | 2.5-3%* |
| 6409 Bradsher Drive, Unit 3, Austin, TX 78745 | Zillow | N/A | 9/3/25 | Private Exclusive | 2.5-3%* |
| 11421 Sherrie Lane, Silver Spring, MD 20902 | Zillow | N/A | 9/4/25 | Canceled | 2.5-3%* |
| 1220 N Street Northwest, Unit 4B, Washington, DC 20005 | Zillow | DCDC2216522 | 9/5/25 | Active Under Contract | 2.5-3%* |
| 3 Tara Court, Selbyville, DE 19975 | Zillow | DESU2092512 | 9/10/25 | Active | 2.5-3%* |
| 4813 Oglethorpe Street, Riverdale, MD 20737 | Zillow | MDPG2179418 | 9/12/25 | Canceled | 2.5-3%* |
| 5010 Kinsbridge Drive, Mint Hill, NC 28227 | Zillow | 4300214 | 9/12/25 | Active | 2.5-3%* |

9

**HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY**

| 10024 Vanderbilt Cir, Unit 10, Rockville, MD 20850 | Zillow | MDMC2190486 | 9/12/25 | Sold | 2.5-3%* |
| 628 Greycliffe Ln, Ambler, PA 19002 | Zillow | PAMC2149618 | 9/16/25 | Active | 2.5-3%* |
| 7018 Poplar Avenue, Takoma Park, MD 20912 | Zillow | MDMC2202128 | 10/9/25 | Active | 2.5-3%* |
| 7145 Promenade Drive Unit 602, Boca Raton, FL 33433 | Zillow | F10528295 | 10/15/25 | Active | 2.5-3%* |

*Average estimated commission

Compass further provides the following summary data for residential listings marketed through 3PS as supplemented from March 1, 2025 – October 15, 2025:

### Total Number of Listings by Phase

| | | No. listings that were previously PEX | No. listings that were previously CCS | % listings that were previously PEX | % listings that were previously CCS |
|---|---|---|---|---|---|
| | Total Listings | # Phase 1 | # Phase 2 | % Phase 1 | % Phase 2 |
| Listed on MLS between March 1, 2025 – October 15, 2025 | 106,195 | 39,215 | 31,095 | 36.9% | 29.28% |
| Launched on Compass.com between March 1, 2025 – October 15, 2025 but was not listed on MLS during the time period | 7,330 | 7,235 | 1,490 | 98.7% | 20.33% |
| **Total** | **113,525** | **46,450** | **32,585** | **40.9%** | **28.7%** |

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

**Total Number of Listings Sold**

| Sold During Phase | Total Listings | % Total | No. Listings with Compass Agent(s) Representing Both Buyer/ Seller | % Listings with Compass Agent(s) Representing Both Buyer/ Seller |
|---|---|---|---|---|
| Phase 1 – PEX | 1283 | 1.9% | 415 | 32.3% |
| Phase 2 – CCS | 1017 | 1.5% | 305 | 30.0% |
| Phase 3 – MLS | 64,448 | 96.6% | 13,901 | 21.6% |
| **Total** | **66,748** | **100.0%** | **14,621** | **21.9%** |

**Interrogatory No. 2:** Identify and describe in detail all analyses, including the results thereof, performed by You regarding of the impact of 3PM on home sales (including prices and number of offers); commissions for You, Your affiliated agents and/or brokerages; and/or Your revenue.

       **Response to Interrogatory No. 2:** Compass incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions described above as though fully stated below. Compass objects to this Interrogatory on the ground that it is vague and ambiguous, including with respect to the phrase "all analyses." Compass further objects to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case because the burden or expense of the proposed discovery outweighs its likely benefit, particularly to the extent it seeks information not relevant to issues raised by the PI Motion. Compass further objects to the extent that this Interrogatory seeks information subject to the attorney-client privilege, immune from production pursuant to the attorney work product doctrine, subject to any other privilege or immunity from discovery, or otherwise not properly subject to discovery. Compass further objects to the form of the Interrogatory to the extent it requires Compass to produce data because, in line with the Court's guidance and views related to data requests and database discovery, the parties have agreed to withdraw their Requests for Production of Data. Compass further directs Zillow to Compass's document productions in this matter which may include informal analyses related to these topics.

**HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY**

Compass further objects to this Interrogatory to the extent it seeks confidential or competitively sensitive business information, including but not limited to, confidential financial, proprietary, or trade secret information. Compass will only provide such information subject to the Protective Order.

Subject to and without waiver of the foregoing objections, between March 1, 2025 to June 23, 2025, Compass conducted various "analyses" regarding of the impact of 3PM as captured in Compass's Q1 2025 presentation to the Board of Directors produced at CZ_COMP_000111585. Between March 1, 2025 to June 23, 2025, Compass's employees routinely circulated informal analyses regarding the impact of the Three-Phased Marketing Strategy ("3PS") as summarized below:

| Description of Report | Examples |
|---|---|
| 3PS "Feedback Pulse" or "Flash Reports" regarding 3PS adoption rates and other analyses of 3PM implementation. | CZ_COMP_000027290<br>CZ_COMP_000026520,<br>CZ_COMP_000026494<br>CZ_COMP_000025866<br>CZ_COMP_000036540<br>CZ_COMP_000036344<br>CZ_COMP_000036284<br>CZ_COMP_000045269<br>CZ_COMP_000045506<br>CZ_COMP_000111974 |
| Monthly "Inventory Flash Reports" regarding 3PS implementation across Design, Product, and Engineering. | CZ_COMP_000048159<br>CZ_COMP_000002224<br>CZ_COMP_000108810<br>CZ_COMP_000110231 |

Compass's employees likely conducted many "analyses" regarding the impacts of 3PS during this period which are sufficiently captured in the emails and other custodial files that Compass is producing as well as public filings or other publicly available materials.

**HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY**

**Interrogatory No. 3:** **Identify all harms that You allege You will suffer or have suffered as a result of Zillow implementing the Listing Access Standards and/or the alleged Agreements to boycott You, and for each such harm: (i) describe in detail the extent and dollar amount of any such harm; (ii ) describe in detail the basis for Your contention that You would not have suffered this harm but for the Listing Access Standards; and (iii) identify the line (or lines) of business impacted by the harm.**

**Response to Interrogatory No. 3:** Compass incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions described above as though fully stated below. Compass objects to the Interrogatory as an improper and premature contention interrogatory. Compass further objects to this Interrogatory on the ground that it is vague and ambiguous, including with respect to the phrases "all harms," "implementing," and "line (or lines) of business." Compass further objects to this Interrogatory calling for "all" harms despite the early stage of discovery; the fact that fact depositions have yet to occur; and the fact that no expert discovery has been completed. Compass further objections to the Interrogatory to the extent that it assumes that there are any "dollar amounts" associated with each harm, as many of the harms to Compass are unlikely to have any "dollar amounts" associated with them. Compass further objects to this Interrogatory as overbroad, compound, unduly burdensome, and not proportional to the needs of the case at this time, as the Parties are engaged in expedited and limited discovery focused on the issues raised by the PI Motion. Compass further objects to this Interrogatory to Compass further objects to the extent this Interrogatory seeks to have Compass marshal the evidence supporting Zillow's case. Compass further objects to the extent that this Request seeks information subject to the attorney-client privilege, immune from production pursuant to the attorney work product doctrine, subject to any other privilege or immunity from discovery, or otherwise not properly subject to discovery. Compass further objects to the Interrogatory to the extent it calls for legal conclusions. Compass further directs Zillow to Compass's document productions in this matter, which likewise describe the harms felt by Compass resulting from Zillow's conduct.

13

**HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY**

Compass further objects to this Interrogatory to the extent it seeks confidential or competitively sensitive business information, including but not limited to, confidential financial, proprietary, or trade secret information. Compass will only provide such information subject to the Protective Order.

Subject to and without waiver of the foregoing objections, Compass alleges that at this time it is aware of the following harms that it has suffered and will suffer as a result of Zillow implementing the Listing Access Standards (the "Zillow Ban") and Zillow's conspiracy to boycott Compass. Compass has not yet analyzed the "dollar amounts" for its harms given the expedited nature of the discovery and the expedited timeline for the PI hearing. Even if Compass, after the benefit of full merits discovery and with the aid of an expert witness, provides a "dollar amount" of its damages, Compass's harms cannot be adequately compensated with money, especially at this time when the extent of those harms are uncertain or irreparable. *See e.g., Salinger v. Colting*, 607 F.3d 68, 81 (2d Cir.2010) ("Harm might be irremediable, or irreparable, for many reasons, including that a loss is difficult to replace or difficult to measure, or that it is a loss that one should not be expected to suffer.").

For all harms, Compass's entire business has been and will continue to be harmed.  And as Zillow continues to ramp up enforcement of its ban—Zillow has started to ban Compass listings during the pendency of this action—these harms will only intensify. These harms include injury to Compass's brokerage business and its online home search platform.

1. **Loss of competitive advantage.** The Zillow Ban and Zillow's conspiracy effectively precludes Compass from executing the 3PS to the full extent of Compass's ability. The inability to execute its 3PS is harmful to Compass because it deprives Compass of a way to differentiate itself from other brokerages and home

14

**HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY**

search platforms with whom it competes for sellers, buyers, and real estate agents. Compass also pioneered the 3PS to enhance its competitive advantage over other home search platforms and improve the quality of its online home search offering, an advantage that Zillow's conduct seeks to eliminate from the market. And this is particularly harmful to Compass because it was a pioneer in scaling and expanding the three-phased, inventory-based strategy in both the online home search and brokerage services market. *See, e.g.,* CZ_COMP_000001012 ("Competitors will inevitably attempt to replicate our Compass 3-Phased Marketing Strategy as they see our agents winning. . . When this happens it could directly impact our agents' ability to differentiate and secure listings, so we must capitalize on and extend our current lead while it exists.")

But for the Zillow Ban, Compass would have continued to grow and expand its use of 3PS at a rate higher than it currently has with the first-mover advantage. Since adoption of the Zillow Ban, the adoption rates for Compass's 3PS have materially decreased. CZ_COMP_000111974 (discussing drop in 3PS adoption rates). Compass routinely tracks the adoption rates for the 3PS, including through submission of "Bi-weekly 3-Phased Marketing Strategy Feedback Pulse" update reports, hundreds of which were produced in this matter. *See, e.g.,* CZ_COMP_000045506 ("We have, unfortunately, seen a significant dip in our 3-Phased Marketing Adoption. Almost certainly due to the uncertainty around Zillow new listing standards…Zillow's new listing standards have significantly impacted our momentum."). And the adoption rates for 3PS likely will continue to fall as more listings are banned by Zillow. *See, e.g.*, CZ_COMP_000098084 (noting that

**HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY**

sellers are "hesitant to risk not being on Zillow" and that agents cannot "take the risk" of losing access to Zillow); *see also* CZ_COMP_000040207 (describing agent hesitancy to engage with 3PS as a result of the Zillow Ban).  While Compass continues to encourage adoption of 3PS, adoption rates nonetheless have plummeted because of home sellers' and agent's confusion and fear caused by the Zillow Ban.  Compass's executives will testify to these developments and all of the harms they have caused to Compass.  Compass does not believe that there is a "dollar amount" that can adequately compensate it for this harm for many reasons.  For example, Compass did not forecast potential earnings or future traffic to its home search platform that would flow from 3PS, such that the impact on Compass's revenue cannot be calculated at this time.

2.  **Customer confusion and lost reputation, business opportunities, and clients.**
The Zillow Ban and Zillow's conspiracy have harmed Compass's reputation and goodwill that it has built with its agents, sellers, buyers, and investors and have confused Compass's home seller and buyer clients and agents. As a result, Compass has already lost and is poised to continue losing home seller and buyer clients. *See, e.g.,* CZ_COMP_000079474; CZ_COMP_000081224. Although Compass does not routinely conduct exit interviews with its agents, Compass is aware of several agents that have left Compass given their fears over the Zillow Ban or are no longer using the 3PS on their listings. *See, e.g.,* CZ_COMP_000041831. Investors have also expressed concerns about the impact of the Zillow Ban on Compass's business, leading to decreased investment in Compass and thus impacting Compass's ability to continue to grow at the level it could have but for the Zillow Ban and conspiracy.

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

*See, e.g.*, CZ_COMP_000006593. This will further negatively impact Compass's competitive presence in the online home search market.

But for the Zillow Ban, Compass would have maintained and grown its reputation and goodwill through its development and successful use of 3PS, and Compass would have retained the clients and business that it has lost as a result of the Zillow Ban. Compass's executives will testify to these developments and all of the harms they have caused to Compass. Compass does not believe that there is a "dollar amount" that can adequately compensate it for this harm.

3. **Loss of current or future market share.** Compass anticipates it will suffer a loss of current and future market share in both the online home search market and the brokerage services market. As described above, Zillow's conduct will halt or materially diminish Compass's ability to execute the 3PS, grow its online home search platform and lead capture strategy, differentiate itself within the real estate brokerage industry, and grow its share in the markets in which it competes. *See, e.g.*, CZ_COMP_000000695 (noting that 3PS "is separating us from the competition and will allow us to gain share"); CZ_COMP_000000630 (explaining that execution of the 3PS is the "best way to grow your market and make your agents successful" and that it should therefore be agents' and regional vice presidents' "#1 priority"); CZ_COMP_000039010 (explaining that Compass has limited its future investment in its home search platform because it is "waiting to see what happens with Zillow before making more substantial investments"). In turn, that will harm Compass's ability to retain and win more agents and clients. *See, e.g.*, CZ_COMP_000000323 (commenting on agent retention levels and

**HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY**

noting that "the inventory push in particular is driving stickiness"). Accordingly, Compass's inability to competitively differentiate itself will restrict its ability to grow as fast and meaningfully as it otherwise would with respect to these offerings and in both the online home search and brokerage services markets. Compass's executives will testify to these developments and all of the harms they have caused to Compass. Compass does not believe that there is a "dollar amount" that can adequately compensate it for this harm.

4. **Lost investment and time.** Compass invested millions of dollars, thousands of hours, and significant resources in developing and rolling out the 3PS. These investments include the time and effort of Compass's senior executives and other corporate employees in implementing the 3PS, which otherwise would have been spent developing other initiatives or advancing other aspects of Compass's business. As part of those efforts, Compass reallocated resources from other projects to further develop the branding, promotion, and operational efficiency of the 3PS, including but not limited to shifting technology resources to expanding the accessibility and functionality of Compass's nationwide private exclusive database. *See, e.g.*, CZ_COMP_000000630 (discussing re-allocation of resources to better develop Compass's private listing platform for nationwide agent search). The Zillow Ban and Zillow's conspiracy prevent Compass from using the 3PS and therefore jeopardize Compass's investments in 3PS. Compass's executives will testify to these developments and all of the harms they have caused to Compass. Compass does not believe that there is a "dollar amount" that can adequately compensate it for this harm.

**HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY**

Compass expressly reserves the right to amend, supplement, or modify its response as discovery continues and as additional facts are disclosed or discovered.

**HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY**

# VERIFICATION

I, Timothea Letson, certify and declare as follows:

1.      I am in-house counsel at Plaintiff Compass, Inc. ("Plaintiff"), and am authorized to make this verification on behalf of Plaintiff.

2.      I have read the foregoing PLAINTIFF'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES, in the case of *Compass, Inc. v. Zillow, Inc. et al*, United States District Court for the Southern District of New York, Case No. 1:25-cv-05201-JAV, and know its contents.

3.      The answers contained in the Responses are not within my personal knowledge.

4.      I am informed and believe that there is no single person within Plaintiff who has personal knowledge of all matters relevant to the Responses.

5.      The answers contained in the Responses are based on information assembled by Plaintiff's employees and attorneys, and I am informed that the information set forth in the Responses is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed On: November 4, 2025

DocuSigned by:

*Timothea Letson*

2D2169678E6D48E...

Timothea Letson

**HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY**

Dated: November 4, 2025

Respectfully submitted,

*/s/  Chahira Solh*

Chahira Solh (*admitted pro hac vice*)
Daniel A. Sasse (*admitted pro hac vice*)
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614
Telephone: (949) 263-8400
csolh@crowell.com
dsasse@crowell.com

Kenneth Dintzer (NY Bar No. 2476687)
(*admitted pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 624-2500
kdintzer@crowell.com

Luke Taeschler (NY Bar No. 5308325)
CROWELL & MORING LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone: (212) 223-4000
ltaeschler@crowell.com

*Attorneys for Plaintiff Compass, Inc.*

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

## <u>CERTIFICATE OF SERVICE</u>

I, Chahira Solh, do hereby certify that on this 4th day of November, 2025, I caused the

foregoing document to be served through electronic mail to the below counsel of record for

Defendants Zillow, Inc., Zillow Group, Inc., and Trulia, LLC.

Beau W. Buffier, Esq.
Bonnie Lau, Esq.
Eric P. Tuttle, Esq.
Nicholas R. Sidney, Esq.
WILSON SONSINI GOODRICH & ROSATI
bbuffier@wsgr.com
blau@wsgr.com
eric.tuttle@wsgr.com
nsidney@wsgr.com

*/s/ Chahira Solh*
Chahira Solh

**HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY**