

Bonnie Lau
blau@wsgr.com
O: 415-947-2000

Wilson Sonsini Goodrich & Rosati
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105-1126

VIA ECF                                    December 22, 2025

The Honorable Jeannette A. Vargas
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, New York, NY 10007

      Re:    *Compass, Inc. v. Zillow, Inc. et al*, Case No. 1:25-cv-05201-JAV (S.D.N.Y.)

Dear Judge Vargas:

      Pursuant to Local Rule 7.1 and the Court's October 30 order, Dkt. 107, Zillow submits this letter motion to seal confidential and competitively sensitive Zillow information in Compass's Pre-Hearing Brief in Support of Motion for a Preliminary Injunction, Dkt. 110, Zillow's Supplemental Brief in Opposition, Dkt. 124, Compass's Proposed Findings of Fact and Conclusions of Law, Dkt. 151, and supporting exhibits.[1]

## I.    Legal Standard

      "Notwithstanding the presumption of access under both the common law and the First Amendment, [court] documents may be kept under seal if 'countervailing factors'" so demand. *Lugosch v. Pyramid Co.*, 435 F.3d 110, 124 (2d Cir. 2006). Under the *Lugosch* framework, a "court must determine: (1) whether the document subject to a sealing request qualifies as a judicial document; (2) the weight of the presumption of public access attaching to that judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to that judicial document." *SEC v. Telegram Grp., Inc.*, No. 19-cv-9439 (PKC), 2020 WL 3264264, at *1 (S.D.N.Y. June 17, 2020) (citing *Lugosch*, 435 F.3d at 119–20).

      "[C]ountervailing factors include but are not limited to . . . 'the privacy interests of those resisting disclosure.'" *Lugosch*, 435 F.3d at 120 (citation omitted). "Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). Accordingly, "[c]ourts in this Circuit regularly seal information that might disclose trade secrets or confidential business information." *Iacovacci v. Brevet Holdings, LLC*, No. 1:18-cv-08048-MKV, 2022 WL 101907, at *2 (S.D.N.Y. Jan. 11, 2022) (citing cases); *see Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard." (citations omitted)).

---

[1]   Zillow does not seek to seal any material submitted with its own Proposed Findings of Fact and Conclusions of Law. Dkt. 150.

**WILSON**
**SONSINI**

Hon. Jeannette Vargas
December 22, 2025

## II.    Zillow Seeks to Seal Limited Categories of Confidential Information

Zillow moves to seal each of the highlighted portions of the parties' briefs and exhibits submitted on December 16 in accordance with the Court's October 30 Order. Dkt. 107; *see* Dkt. 98 at 8. Zillow has closely reviewed each filing and exhibit for confidential information and explains the sensitive nature of each sealing request in the concurrently-filed Declaration of Shannon Cartales ("Cartales Decl.").

Zillow seeks to seal the following categories of confidential information:

### A.    Exhibits Previously Sealed by The Court in Connection With the Preliminary Injunction Hearing

On November 14, Zillow filed a motion to seal certain portions of Zillow-produced documents that Compass stated it may use at the preliminary injunction hearing. Dkt. 133. That motion addressed redactions to exhibits PX001, PX002, PX003, PX005, PX006, PX007, PX008, PX009, PX010, PX012, PX015, PX017, PX019, PX020, PX024, PX025, PX028, PX029, PX035, PX046, PX0054, and PX147. *See id.* The Court granted Zillow's motion as to all but one document (PX056). Dkt. 143; *see also* Nov. 17, 2025 Hearing Tr. ("Sealing Tr.") at 9:7–25. Zillow seeks to apply the same redactions to exact copies of those exhibits (except PX056) filed by Compass on the docket in connection with Compass's Pre-Hearing Brief. *See* Dkt. 113.

The Court's prior sealing order should apply to the duplicate copies of the same exhibits filed in conjunction with Compass's Pre-Hearing Brief. The weight of the presumption of public access to documents attached to preliminary injunction filings is less than for those used at public hearings. The highest presumption of public access is reserved for "evidence introduced at trial or in connection with summary judgment." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). Meanwhile, information submitted with "non-dispositive motions," like Compass's motion for a preliminary injunction, "are subject to a lesser—but still substantial—presumption of public access." *Id.* at 53. Because the presumption is lower and the Zillow information remains no less sensitive, the Court should maintain under seal the same materials filed on the docket as the Court redacted or sealed for the purposes of the preliminary injunction hearing. *See* Cartales Decl. ¶ 5 (listing exhibits in Table 2).

### B.    Zillow's Unreleased Products, Product Roadmaps, and other Forward-Looking Plans

Courts regularly seal information about specific business "plans" and "strategies" that could "provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (citations omitted) (granting motion to seal portion of summary judgment exhibits). For example, a court in this District sealed "internal financial analyses of a business opportunity" that "could reveal proprietary analysis and provide competitors with an unearned

**WILSON
SONSINI**

Hon. Jeannette Vargas
December 22, 2025

advantage." *Telegram*, 2020 WL 3264264, at *3 (sealing exhibits attached to motion for temporary restraining order).

As explained in the Cartales Declaration, certain of the preliminary injunction briefing and supporting exhibits include discussion of forward-looking, specific product plans, including such topics as "areas of focus" for upcoming years and "strategic assumptions" guiding the business. *See, e.g.*, PX001 at -131–40, -123–30; Cartales Decl. ¶ 5 (Table 2). These plans have not been made public, and were covered only during the closed session at the hearing. If revealed, competitors could exploit knowledge of Zillow's plans to obtain an unearned advantage in competing with Zillow in the marketplace. Cartales Decl. ¶¶ 6, 7. Zillow thus proposes to redact and keep sealed those portions, consistent with the Court's November 17 ruling. Dkt. 143; *see also* Sealing Tr. 9:22–25.

### C.    Zillow's Proprietary Market Research

Zillow seeks to redact its proprietary market research. Such information is often sealed under the *Lugosch* standard. *GoSMiLE, Inc. v. Levine*, 769 F. Supp. 2d 630, 650 (S.D.N.Y. 2011) (sealing documents revealing the movant's "marketing strategies" attached to a preliminary injunction filing); *Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-cv-1308 (RJS), 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (finding movant would be "competitively harmed" if its "qualitative market research" were revealed); *Kewazinga*, 2021 WL 1222122, at *3 (identifying "confidential research and development information" and "marketing plans" as material that is commonly sealed); *Rsch. Am., Inc. v. Simpson*, No. 23-CV-320-LJV, 2025 WL 3496151, at *4 (W.D.N.Y. Dec. 5, 2025) (sealing, for the purposes of a motion to extend a preliminary injunction, "the results of an extensive research project that Fresenius undertook to determine how to position itself to customers").

Zillow thus seeks to redact its confidential internal research on customer preferences that drives its business strategy. Cartales Decl. ¶ 11. If revealed, competitors could use this information to reverse engineer Zillow's plans based on Zillow's confidential insights or otherwise gain an unearned advantage.

### D.    Zillow's Confidential Negotiations

Zillow seeks to seal its unreleased, non-public negotiation positions for ongoing business opportunities. "[C]onfidential negotiations" with customers are frequently sealed, even when public access rights are at their peak. *Skyline Steel, LLC v. Pilepro, LLC*, 101 F. Supp. 3d 394, 412–13 (S.D.N.Y. 2015) (granting motion to seal exhibits to summary judgment motion). Disclosure of this information presents a substantial risk of serious harm to Zillow because it would allow current and future counterparties to understand Zillow's negotiation strategies and positions and gain an unearned advantage. *See* Cartales Decl. ¶ 8; PX060.

### E.    Zillow's Internal Business Metrics

**WILSON SONSINI**

Hon. Jeannette Vargas
December 22, 2025

A corporation's internal business metrics are routinely sealed when disclosure could cause "competitive harm." *Avocent Redmond Corp. v. Raritan Ams., Inc.*, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (granting motion to seal summary judgment exhibits that contained "confidential business information—market forecasts, sales, inventory management, profit margins, etc.—the disclosure of which would cause competitive harm"); *see also, e.g.*, *Fairstein v. Netflix, Inc.*, No. 20-cv-8042 (PKC), 2023 WL 6164293, at *4 (S.D.N.Y. Sept. 21, 2023) (granting request to seal "internal viewing metrics" that constituted "proprietary and confidential materials about business operations"); *Hanks v. Voya Ret. Ins. & Annuity Co.*, No. 16-cv-6399 (PKC), 2020 WL 5813448, at *3 (S.D.N.Y. Sept. 30, 2020) (granting motion to seal portions of summary judgment exhibits containing "specific financial metrics of . . . products and models"); *Seoul Viosys Co. v. P3 Int'l Corp.*, No. 16-CV-6276 (AJN), 2018 WL 4759744, at *13 (S.D.N.Y. Sept. 30, 2018) (redacting "month-to-month product sales . . . that could harm [movant's] competitive standing" over objection that the information was "crucial to the Court's determination on summary judgment").

In this category, Zillow seeks to redact and keep sealed the relevant portions of documents containing specific and sensitive metrics, such as granular, internal metrics associated with Zillow's partners and information on Zillow's web traffic. *See* Cartales Decl. ¶¶ 9, 10. Such documents also contain granular sources of "revenue information" that courts "commonly" seal. *Kewazinga*, 2021 WL 1222122, at *3; *see* PX024 at -181–82. Disclosure of these proprietary and confidential metrics on Zillow operations present a substantial risk of serious harm to the integrity of Zillow's platform and to its customer relationships. Cartales Decl. ¶ 9.

### F.    Zillow's Methods to Detect Listing Access Standards Violations

Zillow seeks to seal information regarding specific, non-public methods it uses to detect violations of its Listing Access Standards. *See* Cartales Decl. ¶ 5 (Table 1). While the Court previously denied sealing of Zillow's raw statistics associated with its enforcement data, it has not yet been asked to seal information about precisely how Zillow detects violations of its Standards. That information is much more sensitive than raw statistics, because if disclosed, a brokerage could more easily exploit these methods to evade detection when it violates Zillow's Standards. *See* Cartales Decl. ¶ 12. A party's "enforcement policies and investigation information" may be sealed even when First Amendment concerns are at their height because such information can "provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton*, 97 F. Supp. 3d at 511 (citation omitted) (granting motion to seal summary judgment exhibits). The details of how Zillow detects violations could be used by Compass and others to evade detection by Zillow, thus undermining Zillow's ability to determine the content and protect the quality of its platform. *See* Cartales Decl. ¶ 12; Dkt. 151 at 51.

### G.    Portions of Expert Declarations

Two of the exhibits filed with the Court are the complete, un-excerpted expert declarations. *See* Dkts. 114-1, 127-53. The parties cite limited portions of these declarations in their pre- and post-hearing submissions. Zillow requests that the Court seal (1) very limited

**WILSON
SONSINI**

Hon. Jeannette Vargas
December 22, 2025

portions of the declarations cited in the parties' submission and (2) the other paragraphs that neither party cited or otherwise relied on in their written submissions. *See* Cartales Decl. ¶ 5 (Table 2). These declarations incorporate detailed discussion of and quotations from highly confidential testimony and exhibits, and both were accordingly designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." Neither party has withdrawn these designations.

First, Zillow seeks to seal limited portions of one paragraph and five footnotes of the expert declarations that were cited by the parties because they are highly sensitive. Specifically, Zillow asks the Court to seal portions of two footnotes of the Expert Declaration of Lawrence Wu (DX556). These footnotes contain confidential third-party information subject to their confidentiality obligations. Cartales Decl. ¶ 14. Third party information of this nature is frequently sealed. *See Amodeo,* 71 F.3d at 1050 (explaining that "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation") (citation omitted); *Dodona I, LLC v. Goldman, Sachs & Co.,* 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (sealing information belonging to the "parties' . . . customers"); *Kewazinga,* 2021 WL 1222122, at *6 (sealing information implicating "confidentiality obligations to . . . third parties"). Zillow also seeks to seal portions of one paragraph and three footnotes of the Expert Declaration of Debra J. Aron (PX208). These contain information about unreleased Zillow products, which merits sealing for the reasons discussed in Section B above, as well as Zillow's competitively sensitive analysis of its competitive standing and responses to competitor strategies, which merit sealing for the reasons discussed in Section C above. Furthermore, the substance of the redacted portions was not relied on in live testimony, nor was it critical to the opinions of the two experts.

Second, Zillow seeks to seal additional paragraphs from Dr. Wu's and Dr. Aron's declarations that neither party cited to nor otherwise relied on in their written submissions. Because neither party relied on these paragraphs nor proposes that these paragraphs form the basis of the Court's opinion, the weight of public access is very low and Zillow's request to seal should be approved. Each expert's core opinions were disclosed in open Court, thus preserving public access to the principal expert testimony that the Court is likely to rely on. Moreover, the public right of access to these materials is all the lower because the request for a preliminary injunction is a "non-dispositive" motion. *Brown*, 929 F.3d at 53. Courts have accordingly sealed such collateral information due to the low presumption of access. *See Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 707 (S.D.N.Y. 2017) ("The remaining categories of information [plaintiff] hopes to seal all carry a low presumption of access to public records because they are collateral to the Court's resolution of the parties' . . . motions."); *CBF Industria De Gusa S/A v. AMCI Holdings, Inc.*, No. 13-CV-2581 (PKC) (JLC), 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021) ("The specific information redacted within the first four categories was not required to shape the Court's analysis and the public would not need access to this information to understand the Court's Opinion"). As discussed, the full unredacted expert reports are designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" due to the sensitive information contained therein.

**WILSON SONSINI**

Hon. Jeannette Vargas
December 22, 2025

   **H.    Email Addresses, Phone Numbers, and Other Private Information**

    This Court has found it appropriate to seal an individual's "personal email address" and "annual salary information." *Dixon v. Reid*, No. 23-CV-09878 (JAV), 2025 U.S. Dist. LEXIS 152580, at *4–5 (S.D.N.Y. Aug. 7, 2025) (granting motion to seal portion of exhibit on summary judgment). Courts also grant motions to seal private information of "marginal relevance to the issues to be adjudicated." *Dixon*, 2025 U.S. Dist. LEXIS 152580, at *4 (granting motion to seal summary judgment exhibit); *see also Amodeo*, 71 F.3d at 1051 (identifying "embarrassing conduct with no public ramifications" as information "traditionally considered private"). Zillow seeks to seal non-public email addresses, phone numbers, and private information, which will play no role in the Court's decision-making. *See* Cartales Decl. ¶¶ 13, 14. "Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption [of public access] is low." *Amodeo*, 71 F.3d at 1050. Zillow requests to redact and keep sealed those portions consistent with the Court's November 17 ruling. Dkt. 143.

                                              * * *

    For the foregoing reasons, the Court should grant Zillow's motion.

                              Sincerely,

                              *s/ Bonnie Lau*
                              Bonnie Lau (admitted pro hac vice)
                              Beau Buffier (NY Bar No. 3932050)
                              Eric P. Tuttle (admitted pro hac vice)
                              Nicholas R. Sidney (admitted pro hac vice)
                              WILSON SONSINI GOODRICH & ROSATI, P.C.
                              *Attorneys for Defendants Zillow, Inc., Zillow Group, Inc., and Trulia, LLC*