UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                          :

COMPASS, INC.,                       :

                 :

            Plaintiff,        :

                 :           25-CV-05201 (JAV)

       -v-            :

                 :           <u>ORDER</u>

ZILLOW, INC., ZILLOW GROUP, INC., and TRULIA,  :
LLC,                       :

                 :

          Defendants.     :

                 :

------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

       Plaintiff Compass, Inc. ("Compass"); Defendants Zillow, Inc., Zillow Group, Inc., and
Trulia, LLC (collectively, "Zillow"); and nonparty Redfin Corporation ("Redfin") have each
submitted sealing requests in connection with filings concerning Compass's motion for a
preliminary injunction.

       On October 31, 2025, Compass requested to provisionally redact portions of its brief filed at
ECF No. 113 ("Compass's Pre-Hearing Brief") and portions of the declaration filed at ECF No. 114
("Solh Declaration"), as well as to provisionally seal 62 exhibits attached to the Solh Declaration.
ECF No. 112. On December 5, 2025, Compass requested to provisionally redact portions of its
proposed findings of facts and conclusions of law filed at ECF No. 153 ("Compass's PFFCL").
ECF No. 152. On December 22, 2025, Compass requested the Court to maintain under seal the
redactions of 19 exhibits attached to the Solh Declaration[1] and the redactions of 14 exhibits attached
to the declaration filed at ECF No. 125 ("Buffier Declaration"). ECF Nos. 165, 168. The redacted
versions of these exhibits have been filed on the docket at ECF Nos. 163 and 164.

       On November 12, 2025, Zillow requested to provisionally redact portions of its brief filed at
ECF No. 127 ("Zillow's Pre-Hearing Brief") and portions of the Buffier Declaration, as well as to
provisionally seal 55 exhibits that are cited in the Zillow Pre-Hearing Brief. ECF No. 126. On
December 22, 2025, Zillow requested to maintain under seal certain information in Compass's Pre-
Hearing Brief, Zillow's Pre-Hearing Brief, and Compass's PFFCL. ECF Nos. 170, 171.

       On December 22, 2025, Redfin requested to maintain under seal certain information
contained in Compass's Pre-Hearing Brief, Zillow's Pre-Hearing Brief, and Compass's PFFCL.
ECF No. 166.

---

[1] Plaintiff identifies this declaration as ECF No. 111, *see* ECF No. 165, but the exhibits were filed
under seal and attached to the declaration filed at ECF No. 114, which the Court refers to as the
"Solh Declaration."

The Court refers to the motions to seal filed at ECF Nos. 112, 126, 152, 165, 166, 168, 170, and 171 collectively as the "Motions to Seal."  For the following reasons, the Motions to Seal are **GRANTED IN PART AND DENIED IN PART**.

The presumptive right of the public to access judicial documents is firmly entrenched in both the common law and the First Amendment.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (citations omitted).  Under the common law inquiry, courts apply a three-part test to determine if sealing is appropriate.  First, courts must determine whether the records at issue are judicial documents, that is, is "the item filed . . . relevant to the performance of the judicial function and useful in the judicial process."  *Id.* at 119 (citation omitted).  Second, if the records are judicial documents, courts assess the weight to be given to the presumption of judicial access, "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *Id.* (citation omitted).  Third, courts balance the presumption of judicial access against "competing considerations against it," such as privacy interests or the confidentiality of business records.  *Id.* at 120 (citation omitted).

To determine whether the First Amendment presumption of access applies, the Second Circuit applies an "experience and logic" approach, which "requires the court to consider both whether the documents 'have historically been open to the press and general public' and whether 'public access plays a significant positive role in the functioning of the particular process in question.'"  *Id.* (citation omitted).  "The courts that have undertaken this type of inquiry have generally invoked the common law right of access to judicial documents in support of finding a history of openness."  *Id.* (citation omitted).  Where the presumptive First Amendment right of access applies, "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Id.* (cleaned up).

Yet the Second Circuit has held that "[m]aterials submitted in connection with, and relevant to, discovery motions, motions *in limine*, and other non-dispositive motions are subject to a lesser—but still substantial—presumption of public access" as compared to "[m]aterials submitted in connection with a motion for summary judgment."  *Brown v. Maxwell*, 929 F.3d 41, 53 (2d Cir. 2019).  Accordingly, for materials submitted in connection with non-dispositive motions, "while a court must still articulate specific and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings."  *Id.* at 50.

Additionally, the Second Circuit has recently clarified that the determination as to whether a record is a judicial document should be made "by evaluating the relevant materials at the time of their filing with the court."  *Giuffre v. Maxwell*, 146 F.4th 165, 175 (2d Cir. 2025).  Accordingly, if a case settles or otherwise concludes, and the underlying motion papers for which sealing has been sought becomes moot, that does not create a presumption that such record is not a judicial document.  *Id.*

Except for the redactions applied to the Expert Declaration of Debra J. Aron, Ph.D., at ECF No. 164-4 ("Aron Declaration"), the motions to seal filed at ECF Nos. 165, 166, 168, and 170 appropriately seek to protect substantial personal privacy interests of third parties, personal identifying information ("PII") such as non-public physical addresses or phone numbers, or confidential business information.  *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)

("the privacy interests of third parties should weigh heavily in a court's balancing equation" (cleaned up)); *Lively v. Wayfarer Studios LLC*, No. 24-CV-10049 (LJL), 2025 WL 3295147, at *2 (S.D.N.Y. Nov. 26, 2025) (sealing "PII in the form of personal and non-public email addresses and cellphone numbers"); *Iacovacci v. Brevet Holdings, LLC*, No. 18-CV-08048 (MKV), 2022 WL 101907, at *2 (S.D.N.Y. Jan. 11, 2022) ("A court may deny access to records that are sources of business information that might harm a litigant's competitive standing. . . . Courts in this Circuit regularly seal information that might disclose trade secrets or confidential business information." (cleaned up)).

The Court therefore finds that, in this instance, the interest in protecting the privacy interests and confidential business information of nonparties and parties outweighs the qualified First Amendment presumption of public access. Accordingly, the Motions to Seal are **GRANTED** to the extent they do not concern the Aron Declaration.

As to the Aron Declaration, much of that declaration was publicly redacted yet relied upon by the Court to render its decision regarding Compass's motion for a preliminary injunction. The portions that the Court relied upon do not contain information implicating substantial privacy interests. Accordingly, the qualified First Amendment presumption of public access to these portions of the Aron Declaration outweighs any concern regarding potentially implicated privacy interests, and the Court therefore **ORDERS** Compass to file the Aron Declaration with paragraphs 19, 20, 22, 23, 24, 25, 26, 30, 40, 49, 50, 51, 52, 55, 94, 164, 223, and their accompanying footnotes, unredacted on the docket by **June 19, 2026**.

SO ORDERED.

Dated: June 12, 2026
      New York, New York                    JEANNETTE A. VARGAS
                                      United States District Judge